# EXHIBIT J TO DETROIT EDISON'S BRIEF IN SUPPORT OF MOTION TO STRIKE



294.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff and Counter-Defendant, | ) ) ) |
| and | ) |
| ENVIRONMENTAL DEFENSE; NORTH CAROLINA SIERRA CLUB; and NORTH CAROLINA PUBLIC INTEREST RESEARCH GROUP CITIZEN LOBBY/EDUCATION FUND, | ) ) ) ) ) |
| Intervenor-Plaintiffs, | ) |
| v. | ) CIVIL NO. 1:00CV01262 |
| DUKE ENERGY CORPORATION, | ) |
| Defendant and Counter-Claimant. | ) ) |



O R D E R

BULLOCK, District Judge

On December 23, 2003, Plaintiff moved for reconsideration of the court's August 26, 2003, summary judgment order, or, in the alternative, to certify the order for interlocutory appeal. Plaintiff contends that the order should be reconsidered in light of documents recently made available to the Plaintiff that the Defendant received from counsel for the Utility Air Regulatory Group, a non-profit association of electric utility companies and trade associations of which Defendant is a member. Plaintiff

contends that these documents show that Defendant knew, or should have known, that EPA's test for "routine maintenance" focused on routine maintenance at an individual unit in the relevant industry. Plaintiff also contends that Duke also knew that the agency contended PSD was triggered by increases in total annual emissions notwithstanding the absence of an increase in maximum hourly emission rates.

Defendant contends that reconsideration is not warranted because Plaintiff's "newly discovered evidence" is not relevant to the issues decided by the court, is cumulative to evidence that the court has already seen, and is not inconsistent with the court's order. Defendant also opposes certification for interlocutory appeal.

In drafting its opinion and order, the court undertook a painstaking review of the statutory and regulatory framework. Relying on the statutes and legislative intent, the court held that "[i]n order to give PSD RMRR exemption its proper scope, this provision must be defined according to what is routine maintenance, repair, and replacement within the relevant source category. This construction is compelled by the statutory mandate of the PSD program and congressional intent." United States v. Duke Energy Corp., 278 F. Supp. 2d 619, 631 (M.D.N.C. 2003). The court also found "based on the PSD rules, the contemporaneous interpretations of the PSD rules, and the

statutory language incorporating the NSPS concept of modification into PSD, post-project emissions must be calculated on an annual basis, measuring emissions in tons per year, and in calculating post-project emissions levels, the hours and conditions of operation must be held constant." Id. at 640. Thus, even assuming that the EPA may have spoken out of both sides of its mouth on these issues, the primary basis for the court's holding was the plain statutory language and congressional intent. The question of fair notice, the basis for the Plaintiff's relevance argument, is no longer an issue for trial.

In the alternative, Plaintiff asks the court to certify its order for an immediate appeal pursuant to 28 U.S.C. § 1292(b). The statute requires that certification be based upon the district judge's "opinion that such order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." All three requirements must be satisfied. Although not in the statutory language, courts have held that to warrant an interlocutory appeal the appellant must demonstrate "'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (quoting Fisons, Ltd. v. United States, 458 F.2d 1241

3

1248 (7th Cir. 1972)). Because certification should not be granted routinely, procedural requirements for interlocutory appeal should be strictly construed. See Myles v. Laffitte, 881 F. 2d 125, 127 (4th Cir. 1989).

This case began in December 2000. Extensive discovery has been completed, dispositive motions have been ruled upon, and the case is essentially ready for trial. An interlocutory appeal would delay rather than advance the ultimate termination of this case. Further, it does not appear that a trial would be unusually lengthy. Plaintiff has conceded that the court's ruling that PSD is triggered only by projects that increase the unit's maximum hourly emissions rate will likely be determinative "of most if not all of the PSD claims in this case." Plaintiff has also admitted that it does not contend that projects of the type performed by Duke are unprecedented or even uncommon in the utility industry. While these standards are ones on which reasonable minds might disagree, this alone does not warrant interlocutory appeal. All three requirements of the statute must be viewed together. Regardless of whether Plaintiff has raised a controlling question of law as to which there is substantial ground for differences of opinion, the court does not believe the possibility that the court of appeals would entertain an interlocutory appeal of the court's summary judgment order would materially advance the termination of this litigation.

4

NOW, THEREFORE, the Plaintiff's motions for reconsideration of the court's summary judgment order, and, alternatively, to certify its order for interlocutory appeal [Doc. #268], are **DENIED**.

The court will direct the Clerk to schedule this case for trial during the July term and provide proper notice to the parties.

February 23, 2004

United States District Judge