<u>**REQUEST FOR EXPEDITED CONSIDERATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DTE ENERGY COMPANY and
DETROIT EDISON COMPANY,

    Defendants.

Civil Action No.
2:10-cv-13101-BAF-RSW

Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**DEFENDANTS' MOTION TO STAY PROCEEDINGS ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE
ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO FILE A 36-
PAGE RESPONSE BRIEF**

Defendants DTE Energy Company and Detroit Edison Company (collectively, "Detroit Edison"), through their undersigned counsel, submit their Motion to Stay Proceedings on Plaintiff's (United States Environmental Protection Agency, or "EPA") Motion for Preliminary Injunction, or, in the Alternative, for Extension of Time to Respond to EPA's Motion for Preliminary Injunction and for Leave to File a 36-Page Response Brief. In support of this Motion, Detroit Edison respectfully refers the Court to its Brief in Support, filed herewith. In addition, because Detroit Edison's response to EPA's motion would be due as early as August 30, 2010, Detroit Edison requests expedited consideration of this motion so that it can plan and respond accordingly.

Pursuant to E.D. Mich. LR 7.1(a), on August 17, 2010, Detroit Edison's counsel conferred with counsel for EPA to explain the nature of this Motion and its legal basis, and to request concurrence in the relief requested in this Motion. Plaintiff consented to Detroit

Edison's alternative request to file a 36-page brief but opposed Detroit Edison's request for a stay and for a 90-day period to respond should that request for a stay be denied.[1]

WHEREFORE, Detroit Edison respectfully requests that this Court grant its Motion to Strike EPA's Motion for Preliminary Injunction, or grant such further relief as this Court may deem appropriate.

Respectfully submitted, this 18th day of August 2010.

/s/ Matthew J. Lund

Matthew J. Lund (P48632)
Pepper Hamilton LLP
100 Renaissance Center, 36th
Floor
Detroit, Michigan 48243
lundm@pepperlaw.com
(313) 393-7370

F. William Brownell*
brownell@hunton.com
Mark B. Bierbower*
mbierbower@hunton.com
Makram B. Jaber*
mjaber@hunton.com
James W. Rubin*
jrubin@hunton.com
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500

Michael J. Solo (P57092)
Office of the General Counsel
DTE Energy
One Energy Plaza
Detroit, Michigan
solom@dteenergy.com
(313) 235-9512

Brent A. Rosser*
Hunton & Williams LLP
101 South Tryon Street
Suite 3500
Charlotte, North Carolina 28211
brosser@hunton.com
(704) 378-4707

*Counsel for Defendants*

*applications for admission to E.D. Mich.
pending*

---

[1] EPA indicated that it was not adverse to agreeing to a more limited extension of time to respond to its motion, but indicated that 90 days was a "non-starter."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MOTION TO STAY PROCEEDINGS ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO FILE A 36-PAGE RESPONSE BRIEF** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record as follows:

Ellen E. Christensen
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226
313-226-9100
Email: ellen.christensen@usdoj.gov

Thomas Benson
U.S. Department of Justice
Environmental and Natural Resource Div.
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
202-514-5261
Email: Thomas.Benson@usdoj.gov

I further certify that I have mailed by United States Postal service the paper to the following non-ECF participants:

Ignacia S. Moreno
Justin A. Savage
U.S. Department of Justice
Environmental and Natural Resource Div.
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
202-514-5261

Barbara L. McQuade
United States Attorney
211 W. Fort St., Suite 2100
Detroit, Michigan  48226-3211
(313) 226-9112

Sabrina Argentieri
Mark Palermo
Susan Prout
Associate Regional Counsel
United States Environmental Protection Agency, Region 5
77 W. Jackson Blvd.
Chicago, Illinois 60604

Apple Chapman
Attorney Adviser
United States Environmental Protection Agency
1200 Pennsylvania Ave. NW
Washington D.C. 20460

This 18th day of August, 2010.


/s/ Matthew J. Lund

## REQUEST FOR EXPEDITED CONSIDERATION

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

DTE ENERGY COMPANY and
DETROIT EDISON COMPANY,

     Defendants.

Civil Action No.
2:10-cv-13101-BAF-RSW

Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO FILE A 36-PAGE RESPONSE BRIEF**

## STATEMENT OF ISSUE PRESENTED

Whether this Court should stay all proceedings on Plaintiff's Motion for a Preliminary Injunction pending resolution of Defendants' Motion to Strike that Motion.

Defendants' Answer:  Yes.

Should the Court deny Defendants' request for a stay proceedings on Plaintiff's Motion for a Preliminary Injunction pending resolution of their Motion to Strike, whether Defendants' request for a period of 90 days to respond to EPA's Motion and for leave to file a 36-page response brief should be granted.

Defendants' Answer:  Yes.

## <u>CONTROLLING OR OTHER APPROPRIATE AUTHORITY</u>

*Patterson v. Mintzes*, 717 F.2d 284 (6th Cir. 1983)

*BASF Corp. v. Central Transp., Inc*., 830 F. Supp. 1011 (E.D. Mich. 1993)

E.D. Mich. Local Rule 7.1

Fed. R. Civ. P. 6

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 6 and Local Rule 7.1, Defendants DTE Energy Company and Detroit Edison Company (collectively, "Detroit Edison") respectfully submit the following brief in support of their motion to stay proceedings on Plaintiff's (United States Environmental Protection Agency, or "EPA") motion for preliminary injunction pending this Court's determination of Detroit Edison's motion to strike EPA's motion, which is being filed concurrently with this motion.  In the alternative, Detroit Edison moves for an extension of time to file a response to EPA's motion and for leave to file a brief not to exceed 36-pages.  Given the complexity of the issues and the extensive materials filed by EPA, such leave is warranted and would be consistent with the Court's *ex parte* order granting EPA's request to file a 36-page opening brief.

In particular, Detroit Edison requests that this Court stay further proceedings on EPA's motion for preliminary injunction, including further briefing and a hearing, until such time as this Court rules on Detroit Edison's motion to strike.  This would allow the parties to brief the important threshold issue of whether EPA may seek to establish liability and a permanent remedy in a complex case under the guise of a preliminary injunction.

In the alternative, Detroit Edison seeks a period of 90 days to respond to EPA's motion because the 24-day deadline set forth in Local Rule 7.1(e)(1) and Fed. R. Civ. P. 6(d) does not provide Detroit Edison adequate time to respond to EPA's extensive motion, voluminous attachments and declarations addressing technical and factually complicated matters central to the parties' dispute.  Moreover, a period of 90 days to respond is warranted because EPA's motion failed to comply with Local Rule 7.1(a) and unfairly seeks to establish liability and a

remedy that goes beyond the plant in question without discovery and without the benefit of a trial on the merits.

Finally, pursuant to Local Rule 7.1(d)(3), Detroit Edison requests that it be authorized to file a response to EPA's motion of no more than the 36 pages allowed for EPA's brief in support of its motion as a result of its *ex parte* request. Such relief is especially important given the complexity of the issues raised by EPA and the voluminous nature of the materials EPA filed in support of its motion. EPA consents to Detroit Edison's alternative request to file a 36-page response brief but is opposed to Detroit Edison's request for a stay and for a 90-day period to respond should that request for a stay be denied. As noted in its motion, because Detroit Edison's response to EPA's motion is due as early as August 30, 2010, Detroit Edison requests expedited consideration of this motion so that it can plan and respond accordingly.

## BACKGROUND AND PROCEDURAL HISTORY

In its motion to strike filed concurrently with this motion, Detroit Edison explained the unprecedented nature of EPA's motion for a preliminary injunction and why it is inappropriate to utilize that procedure to short circuit the normal discovery and trial process these types of New Source Review ("NSR") cases generally follow. To avoid repeating statements and arguments made in support of the motion to strike, Detroit Edison hereby incorporates them in this brief. In short, some three months after it claims it was notified about the work at Monroe Unit 2 which is the subject of the Complaint, and after months of one-sided discovery by EPA by virtue of its use of Clean Air Act ("CAA") section 114 authority, EPA prepared expert reports and launched a "trial by ambush" through its motion for preliminary injunction, which seeks dispositive rulings on liability and final remedy on a project it claims violated the CAA. Doc. No. 1 at 2, 15-16. EPA's motion seeks an order requiring Detroit Edison to immediately begin the process of

obtaining the "necessary permits" for the Monroe Unit 2 project, "offset" emissions from Monroe Unit 2 through reductions of emissions at Detroit Edison's *other* coal-fired units, submit within 30 days to the Court and to EPA its plan for achieving the annual air pollution reductions EPA seeks, and install pollution control equipment costing millions of dollars.  Proposed Order, attached to Doc. No. 8, at 1-3.

EPA's motion includes a 36-page brief and 22 attachments spanning 494 pages, and a compact disc.  Eight of the 22 attachments consist of lengthy declarations from third-party consultants specifically hired by EPA to support its request for a preliminary injunction.  Though styled as "Declaration[s]," these submissions are full-fledged expert reports that address a multitude of topics on many complex and technical issues central to the parties' dispute. Moreover, EPA filed and served these materials without complying with Local Rule 7.1(a), which requires a moving party to state that "there was a conference between attorneys …in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought," nor with this Court's Practice Guidelines. *See* E.D. Judge Friedman's Practice Guidelines ("The Court requires strict compliance with E.D Mich. LR 7.1(a) which refers to seeking concurrence of opposing counsel.").

In response to EPA's effort to circumvent the normal discovery and trial process, Detroit Edison has concurrently filed a motion to strike EPA's motion for preliminary injunction. However, while Detroit Edison's motion to strike is pending, the time for response to EPA's motion continues to run.  Without immediate intervention by this Court, any response to EPA's motion would be due as early as August 30, 2010.  Hence, Detroit Edison respectfully moves the Court to stay further proceedings, including further briefing and a hearing, or, if the Court is not so inclined, to extend the time for Detroit Edison to respond and to allow it a response up to 36

pages in length.

## **ARGUMENT**

**I.     FURTHER PROCEEDINGS ON EPA'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE STAYED PENDING RESOLUTION OF DETROIT EDISON'S MOTION TO STRIKE.**

This Court should stay further proceedings, including further briefing and any hearing, on EPA's motion for preliminary injunction until such time as it rules on Detroit Edison's motion to strike EPA's motion for preliminary injunction.  As Detroit Edison explains in its brief in support of its motion to strike, EPA is seeking a final determination on liability and remedy and permanent relief for the violations it alleges in its Complaint, but within the expedited, truncated procedures for a preliminary injunction.  This is unprecedented in the history of EPA's enforcement of the CAA's NSR program, and is contrary to this Court's past rulings.  *See* Brief in Support of Defendants' Motion to Strike Plaintiff's Motion for Preliminary Injunction ("Detroit Edison Brf.") at 11, 14-18.

Providing a meaningful response to EPA's motion will involve review of thousands of pages of documents and full expert reports, working with consultants and experts to support Detroit Edison's response, and internal coordination with Detroit Edison employees and counsel—all within the space of a few weeks and before the end of August, a time when many staff, experts and counsel are or will be on pre-planned vacations and geographically dispersed. There is no need to impose such a burden on Detroit Edison when the preliminary injunction is not even an appropriate procedure as a threshold matter—especially when Detroit Edison has already agreed to manage the operation of Monroe Unit 2 to assure there is no increase in annual emissions from the unit at issue for any reason.  *See* Declaration of Skiles W. Boyd, Exh. A to Detroit Edison Brf. at ¶ 9.

Rather, this Court should stay further proceedings until such time as it rules on Detroit Edison's motion to strike. Should the Court grant Detroit Edison's motion, there would be no further need for briefing on the motion for preliminary injunction, and the parties could seek to establish a more reasonable schedule for discovery and trial on the Complaint.

## II.   ALTERNATIVELY, THE COURT SHOULD EXTEND THE TIME TO RESPOND TO EPA'S MOTION.

In the alternative, if the Court is not inclined to stay further proceedings on EPA's motion for preliminary injunction until it rules on Detroit Edison's motion to strike, Detroit Edison requests that the Court extend the time to respond to EPA's motion for preliminary injunction to a period of 90 days. The 24-day period for filing responses under the Court's Local Rule 7.1(e)(1) and Fed. R. Civ. P. 6(d) does not provide Detroit Edison adequate time to respond to EPA's motion and brief and is simply not workable, given the complexity of the issues, the enormous volume of EPA's filings, and the late-August time period.

Simply reviewing and responding to these thousands of pages of documentation will take extensive time and consideration. There are numerous fact witnesses to be identified and interviewed who will then need to review the materials and provide assistance in drafting responses. There are numerous expert witnesses who also need to be indentified and interviewed and who will need to review the attachments and declarations to generate their own opinions. There are complex computer modeling issues requiring review by experienced practitioners with licenses to utilize the models. In effect, there is need to undertake careful and measured discovery and pre-trial practices that would require far more than 24 days.

EPA, on the other hand, has had months to prepare its motion. It acknowledges receiving notice of the disputed work at Monroe Unit 2 on May 21, 2010. *See* Doc. No. 8, EPA Memo., Appendix A, Exhibit 2, Declaration of Ethan Chatfield, at ¶ 14. EPA then issued a series of

information requests under CAA Section 114 to Detroit Edison with immediate deadlines  *See id.*
at ¶ 12 & n.3.  Hence, while Detroit Edison was working to respond to these and broader section
114 requests relating to other Detroit Edison units and facilities, *see id,* EPA was enjoying
advanced discovery, using Detroit Edison's responses to help prepare its motion for a
preliminary injunction.

Moreover, in addition to the enormous amount of materials filed by EPA, the issues
raised by EPA in its motion and supporting documentation are not subject to expedient resolution
without a fully developed record, expert testimony, ample opportunity for discovery, and
extensive briefing.  Indeed, despite its strategy to litigate the issues of liability and remedy in this
case together in a matter of months, EPA has recognized in other cases "the complexity of [NSR]
litigation by agreeing that it should be bifurcated into liability and remedy phases." *United
States et al. v. Midwest Generation*, LLC, Case No. 09-cv-05277 (N.D. Ill.) (filed January 14,
2010) (Ex. A).  As just one example of a case involving a single plant, the parties did not
conclude liability discovery until approximately 31 months after EPA filed its complaint.  *See
United States v. Ohio Edison Co*., No. 99-1181 (S.D. Ohio) (complaint filed 11/3/1999; close of
liability discovery 6/1/2002) (one plant).  In fact, the case upon which EPA relies for much of its
motion, *United States v. Cinergy Corp*., No. 1:99-cv-1693-LJM-VSS (S.D. Ind.), was decided
after several years of discovery, two separate trials on liability spanning eight days, even more
months of discovery on remedy issues, and a week-long trial on remedy.

Counsel for Detroit Edison cannot reasonably be expected to consult with their client and
review, prepare and file a meaningful response to EPA's extensive submissions and declarations
in 24 days, and this Court should therefore provide the requested extension.  *BASF Corp. v.
Central Transp., Inc*., 830 F. Supp. 1011, 1012 (E.D. Mich. 1993) (60-day extension to act

granted under Rule 6(b) because of complexity of the environmental litigation at issue); *see also* *Patterson v. Mintzes*, 717 F.2d 284, 287 & n.2 (6th Cir. 1983) (noting district court has discretion to provide for an enlargement of time period for party to take action under federal rules).

Detroit Edison's request, in the alternative, for a 90-day period to respond to EPA's motion is reasonable and not made for the purpose of delay.  While Detroit Edison continues to assert that a preliminary injunction is not the appropriate method of litigating the issues, a 90-day period would at least allow Detroit Edison to provide a more meaningful response to the motion. Detroit Edison would have a more reasonable opportunity to consult with witnesses and experts, review the briefs, attachments and declarations, and secure declarations in support of Detroit Edison and in rebuttal to EPA's numerous experts.  The requested period would still be far less than the time normally accorded for discovery and trial involving similar NSR complaints. Finally, the 90-day period is a reasonable request in light of EPA's failure to comply with Local Rule 7.1(a), which required counsel for EPA to notify Detroit Edison of the motion and explain the nature and legal basis of it, as well as request concurrence.

The 90-day period would also not prejudice EPA, which has never before sought such relief in cases involving similar allegations over more than a decade, and which has otherwise provided no justification for an injunction.  Since Detroit Edison is currently managing operations at Monroe Unit 2 to assure there is no increase in emissions for any reason, Boyd Decl. at ¶ 9, there is no reason that the parties cannot take the time needed to prepare to litigate the issues set forth in the Complaint on a more reasonable schedule.  There is no ongoing emissions increase, so there can be no alleged harm to the public or the environment based on the alleged violations.

III.    **THE COURT SHOULD PERMIT DETROIT EDISON TO FILE A 36-PAGE RESPONSE BRIEF.**

On August 6, 2010, the Court entered an *ex parte* order allowing EPA to file a 36-page brief.  Doc. No. 2.  If the Court is not inclined to stay briefing on EPA's motion, Detroit Edison respectfully requests that the Court allow it to file a brief equal in length to EPA's opening brief, *i.e.*, 36 pages.  While Detroit Edison believes the circumstances would justify an even longer response, it seeks no further relief than what this Court granted EPA in this regard.  As noted, EPA consents to the filing of a 36-page response brief.

<u>CONCLUSION</u>

For these reasons, Detroit Edison's request for an order staying further proceedings on EPA's motion for preliminary injunction until such time as the Court rules on Detroit Edison's motion to strike should be granted.  In the alternative, if the Court denies Detroit Edison's motion to stay further briefing on EPA's motion, Detroit Edison's motion for a 90-day period to respond to EPA's motion for preliminary injunction and for leave to file a brief of not more than 36-pages should be granted.

Respectfully submitted, this 18th day of August 2010.

/s/ Matthew J. Lund

| | |
|---|---|
| Matthew J. Lund (P48632)<br>Pepper Hamilton LLP<br>100 Renaissance Center, 36th<br>Floor<br>Detroit, Michigan 48243<br>lundm@pepperlaw.com<br>(313) 393-7370 | F. William Brownell*<br>brownell@hunton.com<br>Mark B. Bierbower*<br>mbierbower@hunton.com<br>Makram B. Jaber*<br>mjaber@hunton.com<br>James W. Rubin*<br>jrubin@hunton.com<br>Hunton & Williams LLP<br>1900 K Street, N.W.<br>Washington, D.C. 20006-1109<br>(202) 955-1500 |
| Michael J. Solo (P57092)<br>Office of the General Counsel<br>DTE Energy<br>One Energy Plaza<br>Detroit, Michigan<br>solom@dteenergy.com<br>(313) 235-9512 | Brent A. Rosser*<br>Hunton & Williams LLP<br>101 South Tryon Street<br>Suite 3500<br>Charlotte, North Carolina 28211<br>brosser@hunton.com<br>(704) 378-4707<br><br>*Counsel for Defendants*<br><br>*applications for admission to E.D. Mich. pending* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR LEAVE TO FILE A 36-PAGE RESPONSE BRIEF** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record as follows:

> Ellen E. Christensen
> U.S. Attorney's Office
> 211 W. Fort Street
> Suite 2001
> Detroit, MI 48226
> 313-226-9100
> Email: ellen.christensen@usdoj.gov

> Thomas Benson
> U.S. Department of Justice
> Environmental and Natural Resource Div.
> Ben Franklin Station
> P.O. Box 7611
> Washington, DC 20044
> 202-514-5261
> Email: Thomas.Benson@usdoj.gov

I further certify that I have mailed by United States Postal service the paper to the following non-ECF participants:

> Ignacia S. Moreno
> Justin A. Savage
> U.S. Department of Justice
> Environmental and Natural Resource Div.
> Ben Franklin Station
> P.O. Box 7611
> Washington, DC 20044
> 202-514-5261

> Sabrina Argentieri
> Mark Palermo
> Susan Prout
> Associate Regional Counsel
> United States Environmental Protection Agency, Region 5
> 77 W. Jackson Blvd.
> Chicago, Illinois 60604

Barbara L. McQuade
United States Attorney
211 W. Fort St., Suite 2100
Detroit, Michigan  48226-3211
(313) 226-9112

Apple Chapman
Attorney Adviser
United States Environmental Protection Agency
1200 Pennsylvania Ave. NW
Washington D.C. 20460

This 18th day of August, 2010.


/s/ Matthew J. Lund

55788.000042 EMF_US 32123273v8