## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )    Case No. 2:10-cv-13101-BAF-RSW
            Plaintiff,                  )
                                        )    Hon. Bernard A. Friedman
      v.                                )
                                        )
DTE ENERGY COMPANY, and                 )
DETROIT EDISON COMPANY                  )
                                        )
            Defendants.                 )
_____)


## MOTION OF
## NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB
## TO INTERVENE AS PLAINTIFFS


Pursuant to Federal Rule of Civil Procedure 24, proposed Intervenor-Plaintiffs Natural

Resources Defense Council, Inc. and Sierra Club (collectively, "Citizen Groups") respectfully

move to intervene in the above-captioned proceeding.  A copy of the Citizen Groups' proposed

complaint is attached hereto as Exhibit A.  For the reasons set forth in the accompanying

memorandum, the Court should grant the Citizen Groups intervention as of right or, in the

alternative, permissive intervention, so that the Citizen Groups can fully participate in this Clean

Air Act enforcement action.


Respectfully submitted,

_____/s/_____
Nick Schroeck (MI Bar No. P70888)
Executive Director
Great Lakes Environmental Law Center
440 Burroughs St. Box 70
Detroit, MI 48202
Phone: (313)820-7797
nschroeck@wayne.edu

_____/s/_____
Holly Bressett (CA Bar No. 251265)**
Sierra Club Environmental Law Program
85 Second St., 2nd Floor
San Francisco, CA 94105
Phone: (415) 977-5646
Fax: (415) 977-5793
Email: Holly.Bressett@sierraclub.org

** Pro hac vice motion pending

_____/s/_____
Shannon Fisk (IL Bar No. 6269746)*
Natural Resources Defense Council
2 N. Riverside Plaza, Suite 2250
Chicago, IL 60606
Phone: (312) 651-7904
Fax: (312) 234-9633
Email: sfisk@nrdc.org

* Admitted to practice in the U.S. District
Court for the Eastern District of Michigan
on July 12, 2007.

DATED: September 28, 2010

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| —————————————————— ) | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:10-cv-13101-BAF-RSW |
| Plaintiff, | ) | |
| | ) | Hon. Bernard A. Friedman |
| v. | ) | |
| | ) | |
| DTE ENERGY COMPANY, and | ) | |
| DETROIT EDISON COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————— ) | | |

# BRIEF IN SUPPORT OF MOTION OF
## NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB
## TO INTERVENE AS PLAINTIFFS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................................ii

CONCISE STATEMENT OF THE ISSUE PRESENTED ..........................................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR
THE RELIEF SOUGHT ..............................................................................................2

INTRODUCTION ..............................................................................................3

    I.    Factual Background ..............................................................................................3

    II.    Legal Standard ..............................................................................................5

    III.    Argument ..............................................................................................7

        A.  Intervention Must Be Granted Pursuant to Rule 24(a)(1)
        and Section 304(b)(1)(B) of the Clean Air Act .........................................7

            1.  The Clean Air Act Grants Citizen Groups the Right to Intervene....................7

            2.  The Citizen Groups' Intervention Motion is Timely .......................................8

            3.  Alternatively, Citizen Groups Are Entitled to Intervention as of Right
               Pursuant to Rule 24(a)(2) ...................................................................9

                i.  Citizen Groups Have a Legally Protected Interest in the
                   Subject Matter of This Action.....................................................10

                ii.  Absent Intervention, Citizen Groups' Interests Will Be
                   Significantly Impaired.................................................................13

                iii. Citizen Groups' Interests May Not Be Adequately
                   Represented By the Existing Parties...........................................14

             4.  Alternatively, Intervention Should Be Granted Pursuant to Rule 24(b)...........16

    IV.    Conclusion ..............................................................................................17

i

## TABLE OF AUTHORITIES

**Cases**

*Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994) ............................ 7

*Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)............................................................. 10

*Coalition of Arizona/New Mexico Counties*, 100 F.3d at 845 ...................................................... 15

*Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 973
      (3d Cir. 1982) ........................................................................................................................ 6

*Friends of the Earth v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167 (2000)................................. 11

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003) ............................ 15, 16

*Great Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton*, 178 F.R.D. 39, 42
      (E.D.N.Y. 1998) ................................................................................................................... 12

*Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999).................................... 2, 6, 9, 10, 11, 14, 15, 16

*Hazardous Waste Treatment Council v. South Carolina*, 945 F.2d 776, 780-81
      (4th Cir. 1991) ...................................................................................................................... 15

*Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972).......................... 10

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)......................................... 8, 9, 14

*LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) ............................................................... 11

*Mausolf v. Babbitt*, 85 F.3d 1295, 1302 (8th Cir. 1996)............................................................... 12

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240
      (6th Cir. 1997)..................................................................... 2, 6, 8, 9, 10, 11, 14, 15, 16, 17

*Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999
      (6th Cir. 2006) ............................................................................................................ 9, 10, 15

*Providence Baptist Church v. Hillandale Committee, Ltd.* 425 F.3d 309, 315
      (6th Cir. 2005) ................................................................................................................. 7, 11

*Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) .............................................. 6, 16, 17

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)........................................ 12

*Sierra Club v. Franklin County Power of Illinois*, LLC, 546 F.3d 918, 925-26
(7th Cir. 2008) ................................................................................................ 11

*Student Pub. Interest Research Group of N.J., Inc. v. Fritzsche, Dodge & Olcott, Inc.*,
759 F.2d 1131, 1136 (3d Cir. 1985) ................................................................. 7

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) ........................... 6, 9, 15

*Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) ........... 15

*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) ........... 12, 15

*Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993) ................. 8

**Federal Statutes**

42 U.S.C. § 7604(a)(1) ........................................................................................ 14

42 U.S.C. § 7604(a)(3) ..................................................................................... 8, 14

42 U.S.C. § 7604(b)(1)(B) .......................................................................... 2, 3, 5, 7, 14

42 U.S.C. §§ 7413(b), 7477 .............................................................................. 7

42 U.S.C. §§ 7470-7492 ..................................................................................... 3

42 U.S.C. §§ 7501-7515 ..................................................................................... 3

iii

## <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

Should the Natural Resources Defense Council, Inc. ("NRDC") and Sierra Club (collectively "Citizen Groups") be allowed to intervene as a matter of right, pursuant to Federal Rule of Civil Procedure 24, as plaintiffs in this proceeding where Citizen Groups' motion is being filed within eight weeks of when the United States filed its complaint in this proceeding, before the filing of any responsive pleadings, and where Section 304(b)(1)(B) of the Clean Air Act provides a statutory right of intervention to any person where the U.S. EPA or the state has commenced and is diligently prosecuting an enforcement action regarding violations that citizens could otherwise pursue under Section 304(a)(1); or in the alternative, should Citizen Groups be granted intervention as of right where Citizen Groups have a legally cognizable interest in the enforcement of the Clean Air Act New Source Review violations at issue in this proceeding, those interests would be significantly impaired if defendants prevail in this case, and Citizen Groups' interests may not be adequately represented by any of the parties to the proceeding; or in the alternative, should Citizen Groups be granted permissive intervention pursuant to Rule 24(b)?

1

## CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

Citizen Groups seek to intervene as plaintiffs in this proceeding pursuant to Federal Rule of Civil Procedure 24. The controlling and most appropriate authority for the requested statutory intervention as of right pursuant to Rule 24(a)(1) is 42 U.S.C. § 7604(b)(1)(B). The controlling and most appropriate authority for the alternatively requested intervention as of right pursuant to Rule 24(a)(2) is *Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999), and *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997). Additional authorities supporting the relief requested are set forth in the text of this brief, and are identified in the Table of Authorities.

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24 and 42 U.S.C. § 7604(b)(1)(B), the Natural Resources Defense Council, Inc. ("NRDC") and Sierra Club (collectively "Citizen Groups"), respectfully move to intervene in the above-captioned proceeding alleging violations of the Clean Air Act ("CAA" or "Act").  On August 5, 2010, the United States Attorney General, acting at the request of the United States Environmental Protection Agency ("U.S. EPA") filed a complaint alleging violations of the Clean Air Act's Prevention of Significant Deterioration ("PSD") provisions, 42 U.S.C. §§ 7470-7492, nonattainment New Source Review ("Nonattainment NSR") provisions, 42 U.S.C. §§ 7501-7515, and Michigan's State Implementation Plan ("SIP") at Detroit Edison's Monroe power plant in Monroe County, Michigan.  Section 304(b)(1)(B) of the Act provides a statutory right of intervention to any person where the U.S. EPA or the state has commenced and is diligently prosecuting an enforcement action regarding violations that citizens could otherwise pursue under Section 304(a)(1).  42 U.S.C. § 7604(b)(1)(B).  Because the CAA establishes a statutory right to intervene and the present motion was timely filed, intervention must be granted.  *See* Fed. R. Civ. P. 24(a)(1).  In the alternative, the Court should grant Citizen Groups intervention as of right pursuant to Rule 24(a)(2) or permissive intervention under Rule 24(b).

### I.   Factual Background

The Citizen Groups are public interest, non-profit environmental organizations, each with members who live, work, or recreate near Detroit Edison's Monroe power plant and who are adversely impacted by illegal air pollution from the plant.

The Natural Resources Defense Council ("NRDC") is a national, non-profit, environmental organization with more than 447,000 members nationwide, including 12,875 members in Michigan and 92 members in Monroe County.  NRDC is dedicated to the protection of the environment and public health, and as part of its mission, has actively supported effective enforcement of the CAA and other environmental statutes on behalf of its members for over 30 years.

Sierra Club is the nation's oldest and largest grassroots environmental organization. Sierra Club is an incorporated, not-for-profit organization. Sierra Club's mission is to preserve, protect, and enhance the natural environment. Sierra Club has approximately 622,000 members, including more than 17,000 members in Michigan and 163 members in Monroe County.  Sierra Club has a long history of working to protect and improve air quality and to promote the development of energy efficiency and renewable energy sources.  The Sierra Club has a Beyond Coal Campaign that is working to retire old coal plants that are the worst contributors to health-harming soot and smog pollution and replace them with cleaner energy solutions.

The Citizen Groups have a history of working to ensure compliance with and enforcement of the requirements of CAA at coal plants in Michigan.  During the past eighteen months, Citizen Groups have filed comments on draft CAA Title V Renewable Operating Permits for Detroit Edison's Monroe, Belle River, St. Clair, and River Rouge plants identifying modifications at each of these facilities that Citizen Groups believe should have triggered compliance with the requirements of the CAA's New Source Review ("NSR") program.  Citizen Groups are also involved in ongoing litigation over a permit to install a new 830 MW (net) pulverized coal plant in Essexville, Michigan that was issued to Consumers Energy and in defending the denial of a permit to install a new 600 MW circulating fluidized bed coal plant

proposed by Wolverine Power Supply Cooperative in Rogers City, Michigan.  Moreover, Citizen Groups have been involved in litigation seeking to enforce NSR violations in American Electric Power's coal fleet in Ohio and to enforce opacity limits at Midwest Generation's coal-fired power plants in Illinois.

On June 4, 2010, U.S. EPA issued a Notice and Finding of Violation to DTE Energy Co. and Detroit Edison Co. (collectively "DTE") based on modifications that had occurred at Unit 2 of DTE's Monroe coal plant during a twelve-week outage that began in March 2010.  On August 5, 2010, pursuant to its authority under Sections 113(b) and 167 of the CAA, the U.S. Department of Justice, on behalf of the U.S. EPA, filed suit against DTE alleging violations of the CAA's NSR requirements at the Monroe plant.  The Citizen Groups now seek intervention regarding the alleged NSR violations so that they can fully represent their members' interests in this proceeding.

## II.  Legal Standard

Federal Rule of Civil Procedure 24 provides four distinct paths for parties to intervene in a pending case, at least three of which are applicable here.  First, Rule 24(a)(1) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  Here, such unconditional right is provided by Section 304(b)(1)(B) of the CAA, which provides that where "the Administrator [of the U.S. EPA] or [a] State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order . . . any person may intervene as a matter of right."  42 U.S.C. § 7604(b)(1)(B); *see Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970,

973 (3d Cir. 1982) (noting that the "citizen suit provision of the Clean Air Act provides a right to intervene to enforce the law").

Second, upon timely motion, Rule 24(a)(2) provides for intervention as of right to "anyone" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) contemplates a "rather expansive notion of the interest sufficient to invoke intervention of right," *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997), and does not require a potential intervenor to have a specific legal or equitable interest to be entitled to intervene. *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999).

Finally, Rule 24(b)(1)(B) allows permissive intervention for any party that "has a claim or defense that shares with the main action a common question of law or fact." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991) ("Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely . . . and if the applicant's claim or defense and the main action have a question of law or fact in common.") (internal quotations omitted).

Regardless of the path by which intervention is sought, "Rule 24 should be broadly construed in favor of potential intervenors," *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (internal quotations omitted), as "[a] lawsuit often is not merely a private fight and will have implications on those not named as parties." *Michigan State AFL-CIO*, 103 F.3d at 245 (internal quotations and alterations omitted). Moreover, a party seeking intervention "need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Providence Baptist Church v. Hillandale*

6

*Committee, Ltd*. 425 F.3d 309, 315 (6th Cir. 2005) (quoting *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994)).

### III. Argument

**A.   Intervention Must Be Granted Pursuant to Rule 24(a)(1) and Section 304(b)(1)(B) of the Clean Air Act.**

As outlined above, intervention must be granted as a matter of right under Rule 24(a)(1) when it is authorized by a federal statute and a timely motion is made. These requirements are readily met here.

**1.   The Clean Air Act Grants Citizen Groups the Right to Intervene.**

Sections 113(b) and 167 of the CAA authorize civil enforcement actions by the Administrator of the U.S. EPA where there has been a violation of the Act's nonattainment New Source Review ("NNSR") or Prevention of Significant Deterioration ("PSD") provisions. 42 U.S.C. §§ 7413(b), 7477. Pursuant to this authority, the United States, on behalf of U.S. EPA, filed a complaint against DTE on August 5, 2010, alleging violations of the CAA's NNSR and PSD provisions based upon modifications that had occurred at Unit 2 of the company's Monroe power plant. Section 304(b)(1)(B) makes clear that where U.S. EPA "has commenced and is diligently prosecuting a [CAA] civil action in a court of the United States or a State to require compliance with the standard, limitation, or order . . . any person may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B); *see Student Pub. Interest Research Group of N.J., Inc. v. Fritzsche, Dodge & Olcott, Inc.*, 759 F.2d 1131, 1136 (3d Cir. 1985) (holding that "citizens may intervene as a matter of right in an agency suit in federal court to enforce the Clean Air Act").[1]

---

[1] Because NSR violations involve the construction of a modified major emitting facility without a permit, the Citizen Groups are also authorized by the Clean Air Act to bring their own lawsuit regarding those violations rather than being limited to intervening in the suit already filed by the United States. 42 U.S.C. § 7604(a)(3).

Intervention as a matter of right is therefore authorized by federal statute and must be granted pursuant to Rule 24(a)(1) upon timely motion.

### 2.   The Citizen Groups' Intervention Motion is Timely.

The Citizen Groups' motion to intervene also satisfies the timeliness requirement for intervention.  Timeliness is determined by examining "all relevant circumstances" of the case. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  In determining whether a motion to intervene is timely, the Court considers the following circumstances: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application for intervention during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to any failure by the proposed intervenor to promptly to apply for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993).  Where an intervention motion is filed shortly after the complaint while the case is "obviously in its initial stage," the motion is "timely as a matter of law." *Michigan State AFL-CIO*, 103 F.3d at 1245.

The present motion is plainly "timely as a matter of law." *Id*.  The United States filed its complaint in this action on August 5, 2010, which is less than eight weeks before the present motion is being filed.  Defendants have yet to file an answer in the proceeding, and discovery has yet to commence.  While the United States has filed a motion for a preliminary injunction, briefing will not be completed on that motion until November 18, 2010, and a hearing on the motion is not scheduled until January 19, 2011.  In addition, the Citizen Groups do not intend to offer any additional factual evidence regarding the preliminary injunction motion and, therefore, intervention would not delay the determination of that motion.  Consequently, this motion has

been filed while the case is "obviously in its initial stage" and would cause no prejudice to any of the original parties.  Intervention should be granted as timely as a matter of law.

### 3. Alternatively, Citizen Groups Are Entitled to Intervention as of Right Pursuant to Rule 24(a)(2).

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part that:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Sixth Circuit considers four elements in evaluating a motion to intervene as of right: "(1) timeliness of the application to intervene, (2) the applicant['s] substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO*, 103 F.3d at 1245; *see also Grutter*, 188 F.3d at 397-98.  In assessing these factors, this Court should keep in mind that Rule 24 is to be "broadly construed in favor of potential intervenors." *Stupak-Thrall*, 226 F.3d at 472; *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991).  Consistent with this approach, the Sixth Circuit has not hesitated to grant intervention.  *See, e.g.*, *Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999 (6th Cir. 2006); *Grutter*, 188 F.3d at 401; *Michigan State AFL-CIO*, 103 F.3d at 1248; *Jansen*, 904 F.2d 336.  Because, as explained above, Citizen Groups' motion is timely, and Citizen Groups meet the remaining three parts of the test for intervention, the Court should grant this motion.

**i.   Citizen Groups Have a Legally Protected Interest in the Subject Matter of This Action.**

While a proposed intervenor must demonstrate a legally protected interest in the proceeding, the Sixth Circuit "subscribes to a rather expansive notion of the interest sufficient to invoke intervention of right" under Rule 24(a).  *Grutter*, 188 F.3d at 398; *see also Northeast Ohio Coalition*, 467 F.3d at 1007.  An intervenor need not demonstrate Article III standing and is not required to possess a "specific legal or equitable interest" in the proceeding.  *Grutter*, 188 F.3d 398; *Michigan State AFL-CIO*, 103 F.3d at 1245.  In addition, "'interest' is to be construed liberally," *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987), and "close cases should be resolved in favor of recognizing an interest under Rule 24(a)."  *Michigan State AFL-CIO*, 103 F.3d at 1247.  This liberal standard for demonstrating an adequate interest under Rule 24 is consistent with the "basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard."  *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972).

Citizen Groups and their members have a clear and legally cognizable interest in this action.  As a nonprofit membership organization with nearly 13,000 members in the state of Michigan and nearly 100 members in Monroe County, NRDC represents the interests of numerous individuals who are exposed to pollution emitted from DTE's Monroe facility, and whose health, aesthetic, and recreational interests are adversely affected by the excess pollution resulting from DTE's failure to satisfy PSD and NNSR requirements at the Monroe facility.  Similarly, Sierra Club has more than 17,000 members in Michigan and 8,800 members in the seven-county area of southeastern Michigan where the DTE Monroe facility is located that does not meet National Ambient Air Quality Standards for fine particulate matter.  These Sierra Club members face the litany of well-documented health risks associated with exposure to fine

particulate matter, including asthma, respiratory illness, and premature death, and their health, aesthetic, and recreational interests are harmed by the Monroe facility's lack of compliance with PSD and NNSR requirements.  These interests, which are sufficient to give rise to the injury requisite for Article III standing, *see Friends of the Earth v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167 (2000); *Sierra Club v. Franklin County Power of Illinois*, LLC, 546 F.3d 918, 925-26 (7th Cir. 2008); *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002), are more than sufficient to demonstrate the Citizen Groups' legally protected interest in this proceeding.  *Providence Baptist Church,* 425 F.3d at 315 (proposed intervenor need not demonstrate standing in order to have legally protected interest justifying intervention).

In addition, the Citizen Groups' organizational interests in protecting and improving air quality and enforcing the CAA also support intervention.  As the Sixth Circuit Court of Appeals has recognized, an organization has a right to intervene to ensure that a law is properly enforced, particularly where the proposed intervenor had a demonstrated and long-standing interest in that law.  *Grutter*, 188 F.3d at 398-99; *Michigan State AFL-CIO,* 103 F.3d at 1245-47.  In addition, a number of courts have found a sufficient interest for intervention where a case threatens the interests of an organization dedicated to environmental or conservation issues. *See, e.g.*, *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) ("[O]rganizations whose purpose is the protection and conservation of wildlife and its habitat have a protectable interest in litigation that threatens these goals."); *Mausolf v. Babbitt*, 85 F.3d 1295, 1302 (8th Cir. 1996) (recognizing association's interest in preventing unrestricted snowmobiling and in vindicating conservationist vision for national park); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (recognizing organization's concern with preservation of birds and their habitats); *Great Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton*, 178 F.R.D. 39, 42 (E.D.N.Y. 1998)

11

(litigation concerns legislation the organization supported, and threatens interests of organization's members in environmental quality and rural character of area).

The Citizen Groups have long standing involvement in enforcing the CAA and in protecting and improving air quality that plainly satisfies these intervention standards. NRDC is a national, non-profit, environmental organization whose certificate of incorporation states that one of its purposes is "[t]o preserve, protect and defend natural resources, wildlife and the environment against encroachment, misuse and destruction" and "[t]o take whatever legal steps may be appropriate and proper to carry out" those purposes. Since its founding in 1970, NRDC has engaged in litigation, policy advocacy and educational campaigns aimed at protecting and improving air quality. This work has included helping to draft the original CAA and its 1977 and 1990 amendments, engaging in litigation to defend or challenge CAA regulations, joining litigation to enforce NSR violations against American Electric Power's coal plant fleet in Ohio, Indiana, West Virginia, and Virginia, identifying apparent NSR violations in comments on draft CAA Title V Renewable Operating Permits for Detroit Edison's Monroe, Belle River, St. Clair, and River Rouge plants, and litigating challenges to proposed modifications to Ohio and Wisconsin's State Implementation Plans that fail to comply with federal NSR requirements.

Similarly, the Sierra Club has been working to protect communities, wild places, and the planet itself since 1892, and is the oldest and largest grassroots environmental organization in the United States. The Sierra Club's mission is to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives.

The Sierra Club's volunteer membership and staff work across the country on legislative and legal adocacy aimed at reducing air pollution from coal-fired power plants.  Sierra Club often uses the citizen suit provision of the Clean Air Act to enforce the New Source Review provisions of the Act that are at issue in this case.  The Sierra Club is particularly active in Michigan, where, in 2008, eight new coal-fired power plants were being proposed.  The Sierra Club's combination of grassroots activism and legal work helped stop some of those proposals and the pollution that would have resulted.

The present suit, which involves an effort to substantially reduce pollution from DTE's Monroe plant through enforcement of the CAA's NSR provisions, plainly implicates the Citizen Groups' interests in protecting air quality and enforcing the CAA.  As such, the Citizen Groups easily satisfy the protectable interest prong of the Rule 24(a)(2) intervention standard.

### ii.  Absent Intervention, Citizen Groups' Interests Will Be Significantly Impaired.

Rule 24(a)'s "impairment" requirement concerns whether, as a practical matter, the denial of intervention will impede the prospective intervenor's ability to protect its interests in the subject of the action.  As the Advisory Committee Notes for the 1966 amendments to Rule 24(a) explain, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."  In keeping with this direction, the Sixth Circuit has held that the burden for demonstrating impairment is "minimal" and that the proposed intervenor need show only that impairment of its interest is "possible if intervention is denied."  *Grutter*, 188 F.3d at 399; *Michigan State AFL-CIO*, 103 F.3d at 1247.

There is no question that this proceeding has the potential to impair the Citizen Groups' interests.  The court's ruling in this case will determine whether or not Defendants will have to

13

install air pollution controls on the Monroe plant, and thus will directly impact the interests of

the Citizen Groups' members against being subjected to air pollution.  Moreover, to the extent

that the alleged violations at issue could be pursued by the Citizen Groups solely under 42

U.S.C. § 7604(a)(1), rather than under 42 § 7604(a)(3), the United States' lawsuit forecloses

their ability to bring such suit, 42 U.S.C. § 7604(b)(1)(B), and, therefore, impairs the Citizen

Groups' legally protected interests.  Also, the Citizen Groups' interests could be harmed by the

stare decisis effect of the judgment of this Court, *Michigan State AFL-CIO*, 103 F.3d at 1247;

*Jansen*, 904 F.2d at 342, as an unfavorable ruling in this suit could impair the ability of the

Citizen Groups to enforce NSR requirements against other coal plants in Michigan and

throughout the country.  Such possible precedential effect is sufficient to show impairment of the

Citizen Groups' interests. *Michigan State AFL-CIO*, 103 F.3d at 1247 (finding impairment where

precedential effect of district court ruling could hinder proposed intervenors' ability to litigate

the validity of Michigan campaign finance laws in current and future challenges).

### iii.  Citizen Groups' Interests May Not Be Adequately Represented By the Existing Parties.

Finally, an applicant for intervention as a matter of right must show that its interests may

not be adequately represented by the existing parties to the litigation.  The burden of

demonstrating inadequate representation is "minimal," as the proposed intervenor need not show

that the representation of its interests "will in fact be inadequate," but only that such

representation "*may* be inadequate."  *Northeast Ohio Coalition*, 467 F.3d at 1008 (emphasis in

original); *see also Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972).

In analyzing this prong of the intervention standard, the Sixth Circuit has rejected the

suggestion that representation should be presumed adequate when a governmental agency is a

defendant in a case challenging the validity of a law or government action.  *Stupak-Thrall*, 226

14

F.3d at 479; *Grutter*, 188 F.3d at 397-98.  In fact, a number of courts have found that because the government is required to represent the interests of the public in general, a governmental party is often not able to adequately represent the specific interests of an environmental or other type of advocacy group.  *See, e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003); *Utah Association of Counties*, 255 F.3d at 1255-56; *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 845; *Hazardous Waste Treatment Council v. South Carolina*, 945 F.2d 776, 780-81 (4th Cir. 1991).

In addition, representation may be inadequate where the interests of the party seeking intervention and those of the existing parties are "different," even if they are not entirely adverse. *Purnell*, 925 F.2d at 950.  Even where the proposed intervenor and an existing party have the same general goal in the litigation, inadequate representation can be found if the intervenor may seek to raise arguments that the existing party would not.  *Grutter*, 188 F.3d at 400-01; *Michigan State AFL-CIO*, 103 F.3d at 1247.

These standards for satisfying the inadequate representation prong of the intervention test are met here.  First, while the Citizen Groups and the United States are both seeking to enforce the requirements of the CAA, these entities have inherently different overall interests.  Both Citizen Groups are non-profit organizations that are specifically dedicated to protecting the environment and to protecting human health through environmental advocacy.  The government, however, is required to represent all of the interests of the country (for example, certain economic interests), many of which must be balanced against the environmental interests that Citizen Groups seek to represent.  In addition, the government is subject to changes inherent in electoral politics, from which Citizen Groups are immune.  As a result, the government may not

15

be able adequately to represent Citizen Groups' environmental interests during the litigation (or possible settlement) of this case. *Fund for Animals*, 322 F.3d at 736-37.

In sum, the Citizen Groups' proposed intervention satisfies all of the factors set forth in Rule 24(a)(2) and, therefore, should be granted as of right in this case.

### 4.     Alternatively, Intervention Should Be Granted Pursuant to Rule 24(b).

In the event that this Court denies intervention as a matter of right to the Citizen Groups, the Court should grant permissive intervention. Under Rule 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

The Sixth Circuit has held that permissive intervention may be granted in the Court's discretion if the motion is timely and the proposed intervenor presents a claim or defense that has a question of law or fact in common with the main action. *Purnell*, 925 F.2d at 950-51. In exercising its discretion, the Court must consider whether the proposed intervention would unduly delay or prejudice adjudication of the case. *Id.*; *see also Michigan State AFL-CIO*, 103 F.3d at 1248.

Citizen Groups satisfy the standards for permissive intervention. First, this motion to intervene is timely, as explained in Section III.A.2 above. Second, the common issues of law and fact standard is satisfied here because the Citizen Groups are alleging the same NSR violations at DTE's Monroe plants as are alleged in the complaint filed by the U.S. DOJ. Third, there is no evidence that Citizen Groups' intervention would unduly delay or prejudice adjudication of the rights of the original parties. Citizen Groups are filing this motion promptly, and will comply with all deadlines the Court may set for discovery, briefing, and oral argument. Accordingly, the Court should grant Citizen Groups permissive intervention.

## IV. Conclusion

For the foregoing reasons, the Court should grant the Citizen Groups intervention as a matter of right, or in the alternative, allow the Citizen Groups to permissively intervene in this proceeding.

Respectfully submitted,

_____/s/_____ ____
Nick Schroeck (MI Bar No. P70888)
Executive Director
Great Lakes Environmental Law Center
440 Burroughs St. Box 70
Detroit, MI 48202
Phone: (313)820-7797
nschroeck@wayne.edu


_____/s/_____
Holly Bressett (CA Bar No. 251265)**
Sierra Club Environmental Law Program
85 Second St., 2nd Floor
San Francisco, CA 94105
Phone: (415) 977-5646
Fax: (415) 977-5793
Email: holly.bressett@sierraclub.org

** *Pro hac vice* motion pending

_____/s/_____ ____
Shannon Fisk (IL Bar No. 6269746)*
Natural Resources Defense Council
2 N. Riverside Plaza, Suite 2250
Chicago, IL 60606
Phone: (312) 651-7904
Fax: (312) 234-9633
Email: sfisk@nrdc.org

* Admitted to practice in the U.S. District Court for the Eastern District of Michigan on July 12, 2007.




DATED: September 28, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION OF NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB TO INTERVENE AS PLAINTIFFS** and **BRIEF IN SUPPORT OF MOTION OF NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB TO INTERVENE AS PLAINTIFFS** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Ellen E. Christensen
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226
313-226-9100
Email: ellen.christensen@usdoj.gov

Thomas Benson
U.S. Department of Justice
Environmental and Natural Resource Div.
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
202-514-5261
Email: Thomas.Benson@usdoj.gov

Michael J. Solo, Jr.
DTE Energy Co.
One Energy Plaza
Detroit, MI 48226-1279
solom@dteenergy.com

Matthew J. Lund
Pepper Hamilton LLP
100 Renaissance Center,
36th Floor
Detroit, MI 48243
lundm@pepperlaw.com

Mark B. Bierbower
F. William Brownell
Makram B. Jaber
Brent A. Rosser
James W. Rubin
Hunton & Williams LLP
1900 K Street, NW
Washington DC 20006
mbierbower@hunton.com
bbrownell@hunton.com
mjaber@hunton.com
brosser@hunton.com
jrubin@hunton.com

_____/s/_____
James Giampietro
Sierra Club Environmental Law Program
85 Second St., 2nd Floor
San Francisco, CA 94105
Phone: (415) 977-5638
Email: james.giampietro@sierraclub.org

DATED: September 28, 2010

18