# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DTE ENERGY COMPANY and<br>DETROIT EDISON COMPANY,<br><br>    Defendants. | Civil Action No.<br>2:10-cv-13101-BAF-RSW<br><br>Judge Bernard A. Friedman<br><br>Magistrate Judge R. Steven Whalen |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

Defendants DTE Energy Company and Detroit Edison Company (collectively, "Defendants") answer the numbered paragraphs of Plaintiff United States of America's ("Plaintiff") Complaint, under the headings set forth therein, as follows:

## NATURE OF THE ACTION

1. Answering paragraph 1, Defendants admit that Plaintiff purports to bring an action pursuant to Sections 113(b) and 167 of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7413(b) and 7477, for injunctive relief and the assessment of civil penalties under the Prevention of Significant Deterioration ("PSD") provisions of the CAA, 42 U.S.C. §§ 7470-7492, the nonattainment New Source Review ("Nonattainment NSR") provisions of the CAA, 42 U.S.C. §§ 7501-7515, and the State Implementation Plan ("SIP") adopted by the State of Michigan and approved by the United States Environmental Protection Agency ("EPA") pursuant to Section 110 of the CAA, 42 U.S.C. § 7410. Defendants expressly deny that any violation of these laws has occurred and deny that Plaintiff is entitled to any of the relief it seeks. Defendants deny the remaining allegations of paragraph 1.

2. Defendants deny the allegations contained in the first sentence of paragraph 2. Defendants admit that an article entitled "Extreme makeover: Power plant edition" appeared in the *Monroe Evening News*. Defendants deny the remaining allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. The allegations of paragraph 4 consist of legal conclusions which require no response. To the extent these allegations require a response, Defendants deny them.

5. Defendants deny the allegations of paragraph 5.

## NOTICES

6. Answering paragraph 6, Defendants admit that DTE Energy Company received a letter on June 4, 2010 from the EPA stating its intention to sue with respect to certain alleged violations of the CAA. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6, and therefore deny them.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore deny them.

8. Defendants admit the allegations of paragraph 8.

## AUTHORITY

9. Paragraph 9 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations contained in the first sentence of paragraph 11. Defendants deny the remaining allegations of paragraph 11.

12. The allegations of paragraph 12 consist of legal conclusions to which no response is required. To the extent these allegations require a response, Defendants deny them.

## STATUTORY BACKGROUND

13. Paragraph 13 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

14. Paragraph 14 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

15. Paragraph 15 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

16. Defendants admit the allegations contained in the first sentence of paragraph 16. The remaining allegations of paragraph 16 consist of legal conclusions to which no response is required. To the extent these allegations require a response, Defendants deny them.

17. Paragraph 17 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

18. Paragraph 18 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

19.     Paragraph 19 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

20.     Paragraph 20 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

21.     Paragraph 21 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

22.     Paragraph 22 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

23.     Paragraph 23 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

24.     Paragraph 24 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

25.     Paragraph 25 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

26. Paragraph 26 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

27. Paragraph 27 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

28. Paragraph 28 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

29. Paragraph 29 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

30. Paragraph 30 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

<u>The Nonattainment New Source Review Requirements</u>

31. Paragraph 31 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

32. Paragraph 32 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

33.     Paragraph 33 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

34.     Paragraph 34 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

35.     Paragraph 35 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

36.     Paragraph 36 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

37.     Paragraph 37 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

38.     Paragraph 38 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

<u>New Source Review Reporting Requirements</u>

39.     Paragraph 39 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Defendants deny them.

## ENFORCEMENT PROVISIONS

40. Paragraph 40 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

41. Paragraph 41 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

42. Paragraph 42 contains no allegations directed at Defendants, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Defendants deny them.

## MONROE UNIT 2

43. Defendants admit that Monroe Unit 2 is a coal-fired electrical generating unit with a nominal capacity of 823 megawatts ("MW") that began operation in 1973.

44. Defendants deny the allegations in the first sentence of paragraph 44. Defendants state, however, that for calendar year 2009, Detroit Edison reported emissions of approximately 27,230 tons of $SO_2$ and 8,205 tons of $NO_x$ for Monroe Unit 2, based on emissions measurements and apportionment rules set forth in 40 C.F.R. Part 75. Because Monroe Unit 2 shares a stack with Monroe Unit 1, the emissions reported for each unit under the apportionment rules of 40 C.F.R. Part 75 generally do not correspond to actual emissions for each unit. Defendants are without knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 44, and therefore deny them. Defendants admit that a model run projected that Monroe Unit 2 would emit 33,816 tons of $SO_2$ and 14,494 of $NO_x$ in 2013, but Defendants note that this model run assumed that new, individual stacks would be put in service for Monroe

Units 1 and 2 in 2013, and that each unit's emissions would be measured and reported separately starting in 2013.  Moreover, Defendants expressly deny that any predicted emission increase is related to the Monroe Unit 2 work at issue in this case.

45.     Defendants admit the allegations of paragraph 45.

## GENERAL ALLEGATIONS

46.     Answering paragraph 46, Defendants admit that certain routine maintenance, repair and replacement work began at Monroe Unit 2 on March 13, 2010.  Defendants deny the remaining allegations of paragraph 46.

47.     Defendants admit the allegations of paragraph 47.

48.     The allegations of paragraph 48 consist of legal conclusions to which no response is required.  To the extent these allegations require a response, Defendants deny them.

### FIRST CLAIM FOR RELIEF
(PSD Violations at Monroe Unit 2)

49.     Answering paragraph 49, Defendants incorporate by reference their responses to paragraphs 1-48.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

### SECOND CLAIM FOR RELIEF
(Nonattainment NSR Violations of Monroe Unit 2)

54.     Answering paragraph 54, Defendants incorporate by reference their responses to paragraphs 1-53.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

8

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

Defendants deny that Plaintiff is entitled to any of the relief it requests in the "Prayer for Relief" section of the Complaint. In addition, all allegations of the Complaint not specifically admitted herein are denied.

## FIRST DEFENSE

At all relevant times, DTE Energy Company was neither an owner nor an operator of the Monroe plant. As a result, all claims asserted against DTE Energy Company are without merit.

## SECOND DEFENSE

At all relevant times, Monroe Unit 2 has been in compliance with applicable provisions of the CAA, EPA's implementing regulations, the statutes and regulations of Michigan, and the requirements and conditions of applicable Michigan permits.

## THIRD DEFENSE

The interpretations of the regulations upon which the alleged violations are based are unlawful, were not accomplished by valid rulemaking as required by the Administrative Procedure Act, 5 U.S.C. §§ 551-553, and section 307(d) of the CAA, 42 U.S.C. § 7607(d), were not published in the Federal Register, and are not binding on Defendants under 44 U.S.C. § 1507, the Administrative Procedure Act, and other applicable principles of law.

## FOURTH DEFENSE

Detroit Edison Company's maintenance, repair and replacement activities have been conducted in full accord with applicable requirements and are consistent with federal and state law.

**FIFTH DEFENSE**

Plaintiff has not suffered the injuries or damages alleged or any other injuries or damages resulting from Defendants' actions.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to carry its burden of proving that the activities cited in the Complaint constituted a "physical change" or a "change in the method of the operation" under the applicable regulations that was not "routine maintenance, repair and replacement" under these regulations.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to carry its burden of proving that the Monroe Unit 2 activities cited in the Complaint result in a significant emissions increase of $NO_x$, $SO_2$, and/or PM.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to carry its burden of proving that the Monroe Unit 2 activities cited in the Complaint result in a significant net emissions increase of $NO_x$, $SO_2$, and/or PM for the Monroe Power Plant.

**NINTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**TENTH DEFENSE**

Plaintiff's claims are founded on new interpretations of statutes and regulations which Plaintiff is seeking to apply retroactively via litigation and without fair notice to Defendants.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because they are based on interpretations of statutes and regulations that are so vague as to allow for arbitrary and discriminatory enforcement of the law.

## TWELFTH DEFENSE

Plaintiff's claims are barred because they are based on interpretations of statutes and regulations that are arbitrary, capricious, and contrary to law.

Defendants reserve the right to amend this Answer should discovery and further investigation reveal additional defenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants respectfully ask that the Court:

    A.    Dismiss the Plaintiff's Complaint, with prejudice, for the reasons set forth in Defendants' Answer;

    B.    Award Defendants their costs of litigation, including reasonable attorneys' and expert fees, pursuant to 42 U.S.C. § 7413(b); and

    C.    Grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 4th day of October, 2010.

                                            /s/ F. William Brownell

| | |
|---|---|
| Matthew J. Lund (P48632) | F. William Brownell |
| Pepper Hamilton LLP | brownell@hunton.com |
| 100 Renaissance Center, 36th Floor | Mark B. Bierbower |
| | mbierbower@hunton.com |
| Detroit, Michigan 48243 | Makram B. Jaber |
| lundm@pepperlaw.com | mjaber@hunton.com |
| (313) 393-7370 | James W. Rubin |
| | jrubin@hunton.com |
| Michael J. Solo (P57092) | Hunton & Williams LLP |
| Office of the General Counsel | 1900 K Street, N.W. |
| DTE Energy | Washington, D.C. 20006-1109 |
| One Energy Plaza | (202) 955-1500 |
| Detroit, Michigan | |
| solom@dteenergy.com | Brent A. Rosser |
| (313) 235-9512 | Hunton & Williams LLP |
| | 101 South Tryon Street |
| | Suite 3500 |
| | Charlotte, North Carolina 28211 |
| | brosser@hunton.com |
| | (704) 378-4707 |

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Counsel for Plaintiff:

Ellen E. Christensen
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226
313-226-9100
Email: ellen.christensen@usdoj.gov

Thomas Benson
U.S. Department of Justice
Environmental and Natural Resource Div.
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
202-514-5261
Email: Thomas.Benson@usdoj.gov

Counsel for Intervenor-Applicants:

Nick Schroeck (MI Bar No. P70888)
Executive Director
Great Lakes Environmental Law Center
440 Burroughs St. Box 70
Detroit, MI  48202
Phone:  (313) 820-7797
nschroeck@wayne.edu

Shannon Fisk (IL Bar No. 6269746)
Natural Resources Defense Council
2 N. Riverside Plaza, Suite 2250
Chicago, IL  60606
Phone:  (312) 651-7904
Fax:  (312) 234-9633
Email:  sfisk@nrdc.org

       Holly D. Bressett (CA Bar No. 251265)
       Sierra Club Environmental Law Program
       85 Second St., 2nd Floor
       San Francisco, CA 94105
       Phone: (415) 977-5646
       Fax: (415) 977-5793
       Email: holly.bressett@sierraclub.org

I further certify that I have served by United States Postal Service the paper to the following non-ECF participants:

       Ignacia S. Moreno
       Justin A. Savage
       U.S. Department of Justice
       Environmental and Natural Resource Div.
       Ben Franklin Station
       P.O. Box 7611
       Washington, DC 20044
       202-514-5261

       Barbara L. McQuade
       United States Attorney
       211 W. Fort St., Suite 2100
       Detroit, Michigan 48226-3211
       (313) 226-9112

       Sabrina Argentieri
       Mark Palermo
       Susan Prout
       Associate Regional Counsel
       United States Environmental Protection Agency, Region 5
       77 W. Jackson Blvd.
       Chicago, Illinois 60604

       Apple Chapman
       Attorney Adviser
       United States Environmental Protection Agency
       1200 Pennsylvania Ave. NW
       Washington D.C. 20460

       This 4th day of October, 2010.

                               /s/ F. William Brownell