**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DTE ENERGY COMPANY and<br>DETROIT EDISON COMPANY,<br><br>　　　Defendants. | Civil Action No.<br>2:10-cv-13101-BAF-RSW<br><br>Judge Bernard A. Friedman<br><br>Magistrate Judge R. Steven Whalen |

**STIPULATED PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL INFORMATION AND DOCUMENTS**

　　　It is hereby Ordered that this Stipulated Protective Order Regarding Confidential Information and Documents ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action ("the Action").

　　　1.　　Entry of this Protective Order is appropriate because Defendants contend that information and documents that may be relevant to the allegations and defenses in this matter contain sensitive business and other confidential and proprietary information. This Protective Order is also appropriate to protect confidential and proprietary information that may be present in discovery sought from the United States or non-parties. The Plaintiff and Defendants (collectively, "the Parties") may seek documents and information and/or seek to use documents and information in connection with this Action that a Party or non-Party may consider confidential. The Parties intend for such confidential information to be disclosed only under the terms of this Protective Order.

2. Except to the extent required by law (including, but not limited to the Freedom of Information Act ("FOIA") and applicable federal agency regulations implementing FOIA), this protective order shall apply, the procedures described herein shall be adopted with respect to all Discovery Material that any Party or non-Party marks as "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order. A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator." This Protective Order shall not apply to documents that are publicly available.

Confidential Information

3. For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery). Discovery Material shall also include any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request, and documents or information produced by Defendants in response to EPA information requests under Section 114 of the Clean Air Act, 42 U.S.C. 7414, and designated as confidential by any Party or non-Party in their response.

4. For the purpose of this Protective Order, "Confidential Information" shall mean Discovery Material, marked as "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" in accordance with Paragraph 8 or 9, which contains confidential

commercial or trade secret information that is entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure. No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

5. If any non-Party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information, the non-Party may designate such material as confidential in accordance with Paragraph 8. Non-party Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim of confidentiality in such proceedings.

6. No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall (a) be used for any business, commercial, competitive, personal, or other non-regulatory or non-enforcement purposes; or (b) be disclosed by the person receiving it to any other person without the prior written consent of the Designator or an order of the Court, except to the following:

    i. Counsel for the Parties (including internal and external counsel);

    ii. Counsel's employees (including temporary and permanent law clerks, paralegals, and clerical personnel retained by counsel for the Plaintiff);

    iii. Parties and employees of the Parties who have a need for access to the Confidential Information for this Action;

      iv.      Litigation consultants and contractors, and persons designated as expert witnesses;

      v.      The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order;

      vi.      Stenographers or other persons preparing transcripts of testimony in this Action;

      vii.      Witnesses or potential witnesses who have a need for access to the Confidential Information for this Action; and

      viii.      Outside vendors, including their employees, retained by Counsel for any Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

      7.      With the exception of those persons designated in clauses 6.i., 6ii., 6iii., 6.v. and 6.vi. of Paragraph 6, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit A. Documents may be handled by clerical personnel in the employ of any Party or non-Party, including those in the employ of contractors or vendors hired by that Party or non-Party, where that Party or non-Party has executed the agreement and the clerical personnel are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the agreement. Persons indicated on the face of Confidential Information as having been the authors or recipients of such documents need not execute Exhibit A before being provided access to such information. The agreement, attached hereto as Exhibit A, shall provide for the return of all copies of the Confidential Information that have not been destroyed, at the conclusion of this Action, including any appeals therein, to Counsel for the Party that provided the copy. Counsel for each Party shall obtain and retain executed copies of

the agreements attached as Exhibit A from each person, other than persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, to whom it discloses any Confidential Information other than its own Confidential Information.

8.  Any Discovery Material considered by a Party or non-Party to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" in a readily visible or noticeable manner, and include a stamp identifying the name and telephone number of counsel for the Designator. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" designation and name and telephone number of counsel for the Designator appear clearly on any such copies or duplicates.

9.  Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given in any deposition may be designated as "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" by any Party or non-Party by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record. At the Designator's expense, the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript

with the words "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope. Whenever any Confidential Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and appropriately sealed. Only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

10. All Parties, their Counsel, and all persons designated in Paragraph 6 above who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

11. Whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order. In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER," and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE

ORDER," and seal it in a separate envelope. Whenever any document designated as "CONFIDENTIAL/TRADE SECRET - SUBJECT TO PROTECTIVE ORDER" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed. Where the Court rules that such material is entitled to protection from disclosure under this Protective Order and the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v. and 6.vi. of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

        12. Any Party may at any time notify a Party or non-Party asserting a claim of confidentiality, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or testimony as confidential. In that event, the challenging Party and Designator shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may seek an appropriate ruling from the Court. In any such application for a ruling, the Designator shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment. The information in issue shall continue to be treated as Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude

any subsequent objection to the designation and shall not preclude any request for permission from the Designator or any other appropriate action in any forum to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing herein shall affect any Party's right to seek modification of this Protective Order.

13. Should any non-Party, by way of subpoena, bona fide discovery request, or request pursuant to the federal or state Freedom of Information Acts ("Discovery Request"), seek disclosure from a Party of Confidential Information designated by any other Party or non-Party, the Party receiving the request shall promptly send that portion of the Discovery Request relating to the request for Confidential Information to Counsel for the Designator upon concluding that such Discovery Request may call for the production of Confidential Information. (Notice shall also be given to Counsel of Record for the Parties if the Designator is a non-Party.) Unless the Designator waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Confidential Information subject to protections suitable to the Designator, the recipient of the request will inform the non-Party seeking disclosure that the information requested is Confidential Information protected by this Protective Order and that such non-Party will have to seek an appropriate ruling from this Court or, as applicable, a confidentiality determination from EPA pursuant to 40 C.F.R. Part 2. In any such action before this Court, the Designator shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment.

14. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed. A Party or other person making such inadvertent

disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Designator, and the receiving Party or non-Party shall not use such information for any purpose unless the information is subsequently intentionally disclosed by the Designator. Inadvertent disclosure of the document or information shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken to protect such inadvertently disclosed information after notification is received in accordance with this Protective Order.

15.     Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

16.     Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order. This Protective Order may be amended without leave of the Court by the agreement of Counsel for the Parties in the form of a filed stipulation.

17.     This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be "Confidential Information." It does not constitute a determination that documents or information so designated are "Confidential Information." Nothing in this Order shall prejudice in any way the right of any Party to seek a determination whether particular documents, information or testimony are confidential business

information that should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

18. This Protective Order will not be interpreted to and is not intended to keep motions, memoranda supporting motions, orders, and other filings with the Court under seal or under confidentiality. In the event a Party other than the Designator makes a filing with the Court containing or referring to Confidential Information, that Party shall make such filing under seal and simultaneously serve a copy of the filing upon the Designator. The Designator shall have ten (10) business days following service of the sealed filing to provide a redacted version of the filing to the Party making the filing. At the conclusion of this period, the Party making the filing shall make an unsealed filing of either the redacted version of the filing (if provided by the Designator) or, if no redacted version has been provided, of the initial version that was previously filed under seal. The failure of a Designator to provide a redacted version within ten (10) business days of such a filing under seal constitutes a waiver of any claim of Confidential Information as to any information contained in such filing. Any filing deadlines that are triggered by the filing of a document under seal shall not be tolled by the subsequent filing of a redacted version.

19. Nothing in this Protective Order shall limit or affect the right of a Designator to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.

20. Nothing in this Protective Order shall limit or affect the right of the United States to make a confidentiality determination under 40 C.F.R. Part 2, Subpart B for information designated as confidential by Defendants or any non-Party.

21. Within 120 days after the conclusion of this Action, i.e., after there is a final judgment no longer subject to appeal, all Confidential Information shall be returned to that Designator, or destroyed, except that (i) the United States shall retain Confidential Information as may be necessary to comply with applicable law (including, but not limited to, the Federal Records Act and FOIA), and (ii) any Party that received Confidential Information and its counsel may maintain archive copies of all pleadings, correspondence, depositions, deposition exhibits, trial transcripts, trial exhibits, and one complete set of Confidential Information produced in this Litigation, together with any attorney work product. If any Plaintiff elects to destroy rather than return any Confidential Information to the Designator, it shall provide the Designator with a certificate of destruction signed by the person destroying the documents designating the documents destroyed and the date of destruction. If any Party or its counsel retains Confidential Information following the conclusion of this Litigation, it shall continue to be subject to this Protective Order so long as the Party retains such Confidential Information, unless or until the Designator withdraws its claim of confidentiality or a court determines that the Designator's claim of confidentiality is invalid.

22. Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

IT IS SO ORDERED this 6th. day of October, 2010.

s/Bernard A. Friedman
HON. BERNARD A. FRIEDMAN

U.S. DISTRICT COURT JUDGE

**We stipulate to entry of the above order:**

/s/ Thomas Benson  
Thomas Benson  
U.S. Department of Justice  
Environmental and Natural Resource Div.  
Ben Franklin Station  
P.O. Box 7611  
Washington, DC 20044  
202-514-5261  
Email: Thomas.Benson@usdoj.gov  

Ellen E. Christensen  
U.S. Attorney's Office  
211 W. Fort Street  
Suite 2001  
Detroit, MI 48226  
313-226-9100  
Email: ellen.christensen@usdoj.gov  

*Counsel for Plaintiff*

/s/ F. William Brownell  
F. William Brownell  
brownell@hunton.com  
Mark B. Bierbower  
mbierbower@hunton.com  
Makram B. Jaber  
mjaber@hunton.com  
James W. Rubin  
jrubin@hunton.com  
Hunton & Williams LLP  
1900 K Street, N.W.  
Washington, D.C. 20006-1109  
(202) 955-1500  

Brent A. Rosser  
Hunton & Williams LLP  
101 South Tryon Street  
Suite 3500  
Charlotte, North Carolina 28211  
brosser@hunton.com  
(704) 378-4707  

Matthew J. Lund (P48632)  
Pepper Hamilton LLP  
100 Renaissance Center, 36th Floor  
Detroit, Michigan 48243  
lundm@pepperlaw.com  
(313) 393-7370  

Michael J. Solo (P57092)  
Office of the General Counsel  
DTE Energy  
One Energy Plaza  
Detroit, Michigan  
solom@dteenergy.com  
(313) 235-9512  

*Counsel for Defendants*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DTE ENERGY COMPANY and<br>DETROIT EDISON COMPANY,<br><br>    Defendants. | Civil Action No.<br>2:10-cv-13101-BAF-RSW<br><br>Judge Bernard A. Friedman<br><br>Magistrate Judge R. Steven Whalen |

**CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order Regarding Confidential Information and Documents entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order to the extent allowed by law, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not otherwise been destroyed by me and certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Confidential Information for any purpose not permitted by the Protective Order; and, that I shall not provide Confidential Information to anyone else who has not executed this Agreement or who, pursuant to paragraph 6 of the Protective Order is not entitled to receive Confidential Information without executing this Agreement. I further understand that I shall remain bound by the Protective Order after the conclusion of this Action unless otherwise ordered by the Court or a court of competent jurisdiction. I understand that violation of this Protective Order may constitute contempt of an Order of the Court.

Dated: _____    Signature:
                                    Name:
                                    Address:

**Formatted:** Font: 8 pt