IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:10-cv-13101-BAF-RSW |
| | ) | |
| v. | ) | Judge Bernard A. Friedman |
| | ) | |
| DTE ENERGY COMPANY, and DETROIT EDISON COMPANY | ) | Magistrate Judge R. Steven Whalen |
| | ) | |
| Defendants. | ) | |

**JOINT RULE 26(f) REPORT**

Counsel for Plaintiff United States of America and Defendants DTE Energy Co. and Detroit Edison Co. (collectively "Parties") submit this Joint Rule 26(f) Report ("Report"). No pre-trial conference has yet been set. The Parties are providing this Report now based on the requirement of Rule 26(f)(1) that, unless the Court orders otherwise, the parties must confer at least 21 days before a scheduling conference or a scheduling order is due under Rule 16(b). Under Rule 16(b)(2), the Court must issue a scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared. Defendants believe that issuance of a scheduling order should await resolution of Plaintiff's motion for preliminary injunction but responded to Plaintiff's request for a Rule 26(f) conference subject to further discussion with the Court. Under Rule 26(f)(2), a Rule 26(f) report should be submitted within 14 days of the conference between the Parties, which took place on September 24, 2010.

The Rule 26(f) conference between the Parties and this Report address only the proceedings on the preliminary injunction motion filed by the United States on August 6, 2010. The Parties believe that it is premature to address the remainder of the case at this time.

Defendants believe that the Court may exercise its discretion to defer consideration of a Rule 26(f) report until resolution of Plaintiff's motion for preliminary injunction given the possibility that additional claims and parties will be involved as the case progresses. Plaintiff believes it is appropriate to address discovery for the preliminary injunction proceedings now, while deferring consideration of the Rule 26(f) for the remainder of the case issues until a later date.

## I.  Rule 26(f) Conference

The Parties held a Rule 26(f) conference by telephone on September 24, 2010. Thomas Benson participated as counsel for Plaintiff, while Mark Bierbower participated as counsel for Defendants.

## II.  Case Background

### A.  Procedural Background

This case was filed on August 5, 2010, and Plaintiff filed the motion for preliminary injunction the next day. After a scheduling conference on August 25, 2010, the Court set the preliminary injunction hearing for January 19, 2011.

Two environmental non-profit groups, the Natural Resources Defense Council and Sierra Club ("Citizen Groups"), moved to intervene in this case on September 28, 2010. Neither Party has yet responded to the motion, but neither Party plans to oppose the motion.

### B.  Description of Claims

As set forth more fully in the memorandum in support of Plaintiff's motion for preliminary injunction, this case is based on the claim that replacements of major components at Monroe Unit 2 in Monroe, Michigan violated the New Source Review ("NSR") provisions of the Clean Air Act and the Michigan State Implementation Plan. Plaintiff alleges that the replacement of the economizer, high temperature reheater, and waterwalls at Monroe Unit 2

should have been expected to result in a significant net emissions increase in sulfur dioxide and oxides of nitrogen, and were therefore a major modification (or major modifications) under NSR. Plaintiff further alleges that the failure to comply with NSR will result in thousands of tons of additional pollution per year being emitted into the air, compared to what is allowed by law, harming human health and the environment.  Defendants have denied the allegations.

**III.    Discovery Plan**

After discussing the matter, the Parties reached agreement on certain issues for the preliminary injunction litigation, but were unable to reach agreement on other issues.  The agreed points are set forth first below, followed by the Parties' respective proposals on the issues on which they disagreed. Per discussion with counsel for the Citizen Groups, the Citizen Groups will not propound discovery during the preliminary injunction proceedings.

**A.    Points of Agreement between the Parties**

<u>Initial Disclosures</u>.  The Parties agree that initial disclosures need not be made for the preliminary injunction proceeding, based on the discovery plans respectively set forth below.

<u>Discovery Agreements</u>.  The Parties agree that agreements on the scope of expert discovery and electronically stored information are appropriate and shall remain in effect for the entire litigation (unless amended by the Parties). The Parties are proceeding to negotiate such agreements.

<u>Confidential Information</u>.   The Parties agree that a stipulated protective order on confidential information is appropriate and shall remain in effect for the entire litigation (unless amended by the Parties).  That protective order has been approved by the Court.  Doc. # 39.

### B.     Plaintiff's Proposed Discovery Plan

<u>Subjects</u>.  Discovery is needed on the witnesses and documentary evidence that each Party intends to introduce at the preliminary injunction hearing.

<u>Depositions</u>.  Each Party shall be allowed to depose potential hearing witnesses identified by the opposing Party.  Each potential witness for a party shall be produced upon notice of deposition without further process.  The Parties agree not to conduct depositions until after service of Defendants' opposition to the preliminary injunction motion.

<u>Interrogatories</u>. There will be a maximum of five interrogatories by each Party, and all interrogatories shall be limited to discovery of the evidence and witnesses to be presented at the preliminary injunction hearing.

<u>Document Requests</u>.  There will be a maximum of five document requests by each Party, and all document requests shall be limited to discovery of the evidence and witnesses to be presented at the preliminary injunction hearing.  Unless the Parties agree otherwise, the Party upon whom the request is served shall provide copies of documents responsive to the request to the other Party.[1]  Spreadsheet files (*i.e*. Excel), Powerpoint files, and database files, including .txt files, shall be produced in native format as well.

<u>Requests for Admission</u>.  There will be a maximum of 15 requests for admission by each Party.  The foregoing limitation shall not apply to requests for admission directed solely at the authentication and/or admissibility of a document.

---

[1] Unless otherwise agreed, the Parties shall provide one set of copies on CD-ROM, with each CD-ROM containing the following: images in a single page Tiff format; a text file containing start Bates/end Bates for each document; a cross reference file in Opticon log file format containing the start Bates, CD volume, and the full path to the image (assumes E as CD drive), with document breaks indicated by a "Y" at the end of the record; and native versions of each file required to be produced in native format.

Discovery Limits. Any discovery taken in preparation for the preliminary injunction hearing shall not count against discovery limits under the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, or any discovery plan governing the portion of this case subsequent to the preliminary injunction hearing.

### C. Defendants' Proposed Discovery Plan

Defendants believe that no discovery is appropriate in advance of the preliminary injunction hearing.

### IV. Settlement

The Parties agree to attempt mediation per the suggestion of the Court in the August 25, 2010 scheduling conference. The Parties will exchange lists of proposed mediators with the intention of meeting with a mediator after the close of briefing on the preliminary injunction motion and before the preliminary injunction hearing.

Dated: October 8, 2010                                Respectfully submitted,

*For Plaintiff*

*/s/ Thomas A. Benson*
JUSTIN A. SAVAGE
Senior Counsel
THOMAS A. BENSON (MA Bar # 660308)
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20530
(202) 514-5261
thomas.benson@usdoj.gov

5

*For Defendants*
*/s/ Mark B. Bierbower*
*Hunton & Williams LLP*
*1900 K Street, N.W.*
*Washington, D.C. 20006*
202 955 1665
mbierbower@hunton.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 8, 2010, the foregoing Joint Rule 26(f) Report was served on all counsel of record via the Court's ECF system.

                                                */s/ Thomas A. Benson*
                                                Counsel for the United States