UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, et al.,

        Plaintiffs,                      Civil Action No. 10-13101

vs.

                                          HON. BERNARD A. FRIEDMAN

DTE ENERGY COMPANY and
DETROIT EDISON COMPANY,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**I.    Introduction and Background**

Before the Court is Defendants' Motion for a Protective Order. Defendants DTE Energy Company and Detroit Edison Company (jointly "Defendants" or "DTE") contend that Plaintiff Environmental Protection Agency ("EPA" or "Plaintiff") seeks discovery that imposes an undue burden, is oppressive, and attempts to circumvent the Federal Rules of Civil Procedure. Plaintiff filed a response, and Defendants filed a reply. Pursuant to E.D. Mich. LR 7.1(f), the Court shall decide this motion without oral argument.

Plaintiff seeks to take the depositions of at least three of Defendants' potential testifying experts and two DTE employees in advance of a preliminary injunction hearing, which is currently scheduled for January 19, 2011. Defendants contend that Plaintiff's efforts to take these depositions is contrary to the Federal Rules of Civil Procedure, and requests that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c). Defendants aver that such an order is needed to protect Defendants from Plaintiff's attempt to circumvent the Federal Rules of Civil

Procedure and to impose additional expense and undue burdens on Defendants at this preliminary injunction stage of the case.

Plaintiff filed its motion for preliminary injunction nearly four months ago, at which time it did not seek leave of Court to conduct expedited discovery. Plaintiff sought a hearing as quickly as possible, without any discovery, asserting that its own statements and projections supported the relief requested.

Following communication between the parties regarding various discovery requests by Plaintiff, Plaintiff served subpoenas and deposition notices on three of Defendants' expert witnesses and served deposition notices on two of Defendants' employees.

## II.     Analysis

For good cause, the Court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Defendants argue that their motion for a protective order should be granted because: (1) the deposition notices and subpoenas Plaintiff served impose an undue burden on Defendants and are oppressive given the nature of a preliminary injunction proceeding; and (2) Plaintiff's attempt to depose Defendants' potential testifying experts at this early stage in the case violates Rule 26 of the Federal Rules of Civil Procedure.

The Court finds that Plaintiff's efforts to take substantial discovery prior to the preliminary injunction hearing are inappropriate, as such discovery would result in needless expense, impose an undue burden and, with regards to the potential expert witnesses, violate the Federal Rules of Civil Procedure governing the timing of expert discovery.  The Court notes that, from the outset, Plaintiff contended that it could proceed with its motion for preliminary

injunction without any discovery and, in fact, sought a hearing as soon as possible, without the benefit of discovery.  Plaintiff has not demonstrated any compelling reason why its position has changed, and the Court can only conclude that such discovery is unnecessary and would serve only to burden Defendants and to impose significant unnecessary expenses on them.

In addition, Plaintiff's attempt to depose Defendants' potential testifying experts is premature and violates the Federal Rules of Civil Procedure.  Rule 26(b) of the Federal Rules of Civil Procedure provides for the establishment of deadlines by the Court for expert discovery, including deadlines for the identification of testifying experts, disclosure of expert reports and timing of expert depositions.  Federal Rule of Civil Procedure 26(b)(4)(A) specifies that a testifying expert shall not be deposed until an expert report is provided.  As the Court has not yet set expert deadlines, and no expert reports have been exchanged, Plaintiff' commencement of deposition discovery of Defendants' experts' potential trial opinions is premature, and impermissible.

Plaintiff will have more than sufficient time to obtain expert materials, and conduct other deposition discovery, as this matter proceeds.  At this time, however, during the preliminary injunction phase of these proceedings, deposition discovery of Defendants' experts and employees is premature.

Civil Action No. 10-13101

3

**III.      Order**

Accordingly,

IT IS ORDERED that Defendants' Motion for Protective Order is GRANTED.

Dated: December 27, 2010
Detroit, Michigan

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE