# EXHIBIT E
# TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH RULES 33 AND 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE



**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-2-1-09949

*Environmental Enforcement Section*  *Telephone (202) 616-6515*
*P.O. Box 7611*  *Facsimile (202) 616-6584*
*Ben Franklin Station*  *Kristin.Furrie@usdoj.gov*
*Washington, DC 20044-7611*

February 10, 2011

By Email

Mark Bierbower, Esq.
Hunton & Williams LLP
1900 K Street, NW
Washington DC 20006
mbierbower@hunton.com

    Re:    *United States v. DTE Energy Co., et al.*, No. 10-13101 (E.D. Michigan)

Dear Mark:

    Thank you for agreeing to discuss discovery in this matter on Friday. In advance of our discussion, we have outlined our preliminary, big picture response to Detroit Edison's First Set of Requests for Production. While we do not attempt to comprehensively set forth our objections, this preliminary response is to aid the efficient exchange of discovery and as an attempt to resolve disputes as early in discovery as possible. With that goal in mind, we describe some of our concerns associated with Defendants' overbroad requests. We hope that tomorrow you will be able to discuss ways to focus your requests on the categories of documents that you truly need to litigate this case. We look forward to discussing these issues with you.

    While it is always possible that we misconstrued the intent of Detroit Edison's discovery, it appears that the company's discovery requests are virtually unlimited in scope, unmoored to the dispute pending in the Court, and unduly burdensome. To illustrate, the company's discovery asks for documents on laws not at issue such as the New Source Performance Standards of the Clean Air Act. Further, Detroit Edison is asking for documents from every federal agency in the United States government, rather than EPA, the agency whom Congress delegated authority to implement and enforce the Clean Air Act.

    As you know, we allege, on behalf of EPA, that Detroit Edison violated the New Source Review provisions of the Clean Air Act at Monroe Unit 2 in Monroe, Michigan. That is what the trial will center on in a few months. We want to be reasonable and fair to the company and provide what it needs to defend the case. But we do not envision that your defense will consist of collateral mini-trials on facts and law not at issue. The Court has set trial for May 2011, and the Parties need to focus on materials that will be relevant to that trial rather than engage in limitless searches that would be overbroad if not impossible no matter what the time allotted before trial. We outline further below our concerns with several of Detroit Edison's requests.

Requests for Documents on Laws Not at Issue

Detroit Edison defines "CAA Modification Rule", which is used in several of its document requests (*see, e.g.,* Request Numbers 5, 13, 14) to include New Source Performance Standards ("NSPS").  Since NSPS standards are not at issue in the case (in fact Detroit Edison did not define NSPS in its definitions), we believe that the inclusion of NSPS in the definition will lead to the voluminous and burdensome production of documents of little or no relevance to the case.

Requests for Documents from Every Federal Agency in the Executive Branch

Detroit Edison describes the United States to include all federal agencies, including explicitly listing agencies such as the Bureau of Prisons.  The Bureau of Prisons has no role in the administration or enforcement of the Clean Air Act and, therefore, Detroit Edison's explicit inclusion of the Bureau of Prisons is puzzling.  The same is true of many other federal agencies and their inclusion is inappropriate as the United States comprises numerous agencies and departments, employs hundreds of thousands of people, and retains thousands of contractors and others "purporting" to act on behalf of the United States of America.  The Environmental Protection Agency ("EPA") is the Agency charged with administration and enforcement of the Clean Air Act and, therefore, the United States will object to the discovery from other Agencies.  Further, EPA is also a large agency and many of its office are not involved in the administration or enforcement of the Clean Air Act.  Accordingly, and consistent with recent NSR enforcement cases, the United States will limit its search to the offices in EPA Headquarters and Region V in Chicago, Illinois (which has jurisdiction over the area in which Detroit Edison's plant is located and in which EPA alleges the violations occurred) that administer or enforce the Clean Air Act.  These offices will have the responsive documents related to the project at issue and EPA's interpretation and administration of NSR.  Notwithstanding our objection, the United States will provide documents from all ten EPA Regions to the extent that such documents have been previously produced in other New Source Review cases against coal-fired utilities.  In addition, we are willing to provide this information early and should be able to produce these previously collected documents by about February 28, 2011.

Requests for Forty Years Worth of Documents on Every Fossil-Fired Boiler in the Country

Detroit Edison also requests information about inspections at *every* Detroit Edison Plaint and *every* facility with a "fossil fuel-fired boiler" under *every* statute from 1970 to the present.  There are in excess of 1,000 coal-fired EGUs alone across the nation.  A request for documents that are more than 40 years old for tens of thousands of facilities and under a countless of number of statutes is unduly burdensome, overly broad, and ultimately irrelevant to whether Detroit Edison violated a specific provision of the Clean Air Act at Monroe Unit 2 in 2010.  *See* Document Request Numbers 11 and 12.  Particularly, Request Number 12 is overly broad and unduly burdensome when combined with Detroit Edison's overly broad definition of "Plaintiff."  Numerous federal agencies may have conducted inspections under a wide variety of statues, including, just to offer one example, food safety inspections at facilities with "fossil fuel-fired

2

boilers." The only relevant statute at issue is the Clean Air Act and, therefore, the United States objects to the request to the extent it calls for documents related to other statutes.

<u>Requests for Documents that the United States is Under Court Order not Produce Without Express Authorization of Other Utilities</u>

Many of the company's requests could reach documents that are protected as Confidential Business Information ("CBI"). As Detroit Edison is aware, the United States is generally prohibited from releasing information marked as CBI. Further, various protective orders prevent the release of the information. *See, e.g., United States v. Duke Energy Corp.*, 00-cv-01262 (M.D.N.C.); *United States v. Cinergy Corp.*, 99-cv-01693 (S.D. Ind.).

In Document Request Number 3, Detroit Edison requests copies of responses to requests under Section 114 of the Clean Air Act. The United States will produce non-CBI materials responsive to this request. However, much of the responsive material has been previously claimed CBI. As you are undoubtedly aware, in related litigation where the United States has received requests similar to RFP Number 3, the utilities included in the "electric utility industry NSR enforcement initiative" have agreed to waive CBI, allowing the production of the documents produced in response to a request pursuant to Section 114.[1] We are willing to proceed in the same fashion here for request number 3, if Detroit Edison obtains the express written authorization from the party asserting CBI. *See* 40 C.F.R. § 2.209(f). We understand that your firm has acted as defense counsel and regulatory counsel under the Clean Air Act to many, if not all, of these utilities. Nonetheless, upon request, we will put together a list of the utilities that have responded to relevant Section 114 requests.

\*\*\*

Thank you for your attention to this matter. We look forward to discussing this matter with you on Friday.

Sincerely,

s/Kristin M. Furrie
Kristin M. Furrie
Trial Attorney

---

[1] Notably, many potentially responsive documents to Detroit Edison's other RFP will also have been marked as CBI. Any such agreement regarding the responses to RFP Number 3 does not extend to other CBI documents.