IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> and ) <br> ) <br> NATURAL RESOURCES DEFENSE ) <br> COUNCIL, and SIERRA CLUB ) <br> ) <br> Plaintiff-Intervenors ) <br> v. ) <br> ) <br> DTE ENERGY COMPANY, and ) <br> DETROIT EDISON COMPANY ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:10-cv-13101-BAF-RSW <br><br> Judge Bernard A. Friedman <br><br> Magistrate Judge R. Steven Whalen |

**PLAINTIFF'S MOTION *IN LIMINE* TO STRIKE SUR-REBUTTAL REPORTS AND RELATED TRIAL TESTIMONY OF DEFENDANTS' EXPERTS CHUPKA AND KING**

Defendants served two expert sur-rebuttal reports on August 1, 2011. These additional reports were not contemplated by the scheduling order negotiated by the Parties and adopted by the Court. Moreover, they came more than two weeks after the close of discovery and thus preclude Plaintiff from deposing the witnesses on their additional analyses. The United States respectfully requests that the Court strike DTE's sur-rebuttal reports as untimely and contrary to the scheduling order in this case and preclude testimony at trial concerning these new analyses.

This motion is supported by the attached brief. Pursuant to Local Rule 7.1(a), the undersigned counsel conferred with counsel for Defendants who did not agree to the relief requested in this motion.

                                           Respectfully Submitted,

                                           IGNACIA S. MORENO
                                           Assistant Attorney General
                                           Environment & Natural Resources Division

| | |
|---|---|
| Dated: August 5, 2011 | *s/ Thomas A. Benson* |
| | JAMES A. LOFTON |
| | JUSTIN A. SAVAGE |
| OF COUNSEL: | JAMES W. BEERS, JR. |
| SABRINA ARGENTIERI | THOMAS A. BENSON (MA Bar # 660308) |
| MARK PALERMO | KRISTIN M. FURRIE |
| SUSAN PROUT | ELIAS L. QUINN |
| Associate Regional Counsel | Environmental Enforcement Section |
| U.S. EPA Region 5 | U.S. Department of Justice |
| Chicago, IL | P.O. Box 7611 |
| 77 W. Jackson Blvd. | Washington, D.C. 20044-7611 |
| | (202) 514-5261 |
| APPLE CHAPMAN | thomas.benson@usdoj.gov |
| Associate Director | |
| Air Enforcement Division | |
| U.S. EPA | BARBARA McQUADE |
| 1200 Pennsylvania Ave. NW | United States Attorney |
| Washington D.C. 20460 | Eastern District of Michigan |
| | |
| | ELLEN CHRISTENSEN |
| | Assistant United States Attorney |
| | 211 W. Fort St., Suite 2001 |
| | Detroit, MI 48226 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:10-cv-13101-BAF-RSW |
| and ) | |
| ) | Judge Bernard A. Friedman |
| NATURAL RESOURCES DEFENSE ) | |
| COUNCIL, and SIERRA CLUB ) | Magistrate Judge R. Steven Whalen |
| ) | |
| Plaintiff-Intervenors ) | |
| v. ) | |
| ) | |
| DTE ENERGY COMPANY, and ) | |
| DETROIT EDISON COMPANY ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO STRIKE SUR-REBUTTAL REPORTS AND RELATED TRIAL TESTIMONY
OF DEFENDANTS' EXPERTS CHUPKA AND KING**

## ISSUE PRESENTED

Pursuant to Local Rule 7.1(d)(2), the issue presented by this motion is whether DTE should be allowed to serve expert sur-rebuttal reports that were not allowed under the scheduling order agreed to by the Parties and entered by the Court.

## LEADING AUTHORITY FOR THE RELIEF SOUGHT

Scheduling Order, Doc. # 82

*Pride v. BIC Corp.*, 218 F.3d 566 (6th Cir. 2000)

*Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2009 WL 3065088 (E.D. Wis. Sept. 18, 2009)

*Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, No. 8:01-CV-1176-T-27MAP, 2003 WL 25778702 (M.D. Fla. Mar. 25, 2003)

Defendants served two expert sur-rebuttal reports on August 1, 2011.  These additional reports were not contemplated by the scheduling order negotiated by the Parties and adopted by the Court.  Moreover, they came more than two weeks after the close of discovery and thus preclude Plaintiff from deposing the witnesses on their additional analyses.  The United States respectfully requests that the Court strike DTE's sur-rebuttal reports as untimely and contrary to the scheduling order in this case and preclude testimony at trial concerning these new analyses.

The Parties negotiated an agreed schedule for this case and submitted it to the Court on March 21, 2011.  Doc. # 80.  The Court adopted the schedule.  Doc. # 82.  The schedule does not include expert sur-rebuttal and stated that discovery closed on July 15, 2011.  By mutual agreement, the Parties conducted a handful of depositions after the close of discovery.[1]  On July 21, 2011, *during* the deposition of Defendants' expert witness Mr. King and several days after the deposition of Defendants' expert witness Mr. Chupka, DTE announced that it would serve sur-rebuttal expert reports from Mr. Chupka and Mr. King.  Those reports were served August 1, 2011.

## ARGUMENT

The Court has ample authority to exclude Defendants' untimely sur-rebuttal reports and the related testimony.  *See, e.g.*, *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000). ("District courts have broad discretion to exclude untimely disclosed expert-witness testimony.").

Defendants' expert sur-rebuttal reports are untimely under the Court's order.  That fact alone is a sufficient basis to strike them.  *See Thompson v. Retirement Plan for Employees of*

---

[1] In fact, Plaintiffs are working with Defendants to arrange for deposition of three of Plaintiff's experts despite the fact that Defendants did not request to depose these witnesses until the day before the close of discovery.

1

*S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2009 WL 3065088, at *1 (E.D. Wis. Sept. 18, 2009) (denying filing of sur-rebuttal report where scheduling order did not provide for sur-rebuttal); *Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, No. 8:01-CV-1176-T-27MAP, 2003 WL 25778702, at *1 (M.D. Fla. Mar. 25, 2003) (striking expert rebuttal reports served without leave of court where scheduling order allowed only initial reports).

In addition, the sur-rebuttal reports are prejudicial because they come *after* the United States deposed these experts. By serving additional reports now, DTE seeks a tactical advantage not allowed by the scheduling order or the federal rules. Having seen the flaws in its existing experts' opinions exposed in Plaintiff's depositions of those experts, DTE wants to offer new opinions that, it hopes, will be less vulnerable. This is particularly unfair because the United States will have no opportunity to depose these experts on their new opinions.

Finally, nothing precluded Defendants' experts from presenting their new opinions in their original reports. Indeed, the sur-rebuttal reports address topics that were or could have been addressed in the experts' prior reports. For instance, half of Mr. King's sur-rebuttal is devoted to additional criticisms of the statistical analysis performed by Plaintiff expert Dr. Rothman. Dr. Rothman's analysis was set forth in his April 22, 2011 original expert report and could have been addressed by Mr. King in his original report. The remainder of the sur-rebuttal reports by Mr. Chupka and Mr. King simply augment their prior opinions concerning whether an emissions increase triggering NSR was expected before the project. They addressed the same topics in their original reports (and in Mr. King's declaration during the preliminary injunction proceedings) and could have included these analyses then. Under DTE's view of the world, in which any new rhetoric by one expert merits rebuttal by the opposing expert, discovery would never end.

2

**CONCLUSION**

By its sur-rebuttal reports, DTE simply seeks the tactical advantage of having the last word. This is contrary to the schedule agreed to by the Parties and ordered by the Court. The United States respectfully requests that the Court strike Defendants' sur-rebuttal reports and any related trial testimony.

Respectfully Submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

Dated: August 5, 2011                 *s/ Thomas A. Benson*
                                      JAMES A. LOFTON
                                      JUSTIN A. SAVAGE
OF COUNSEL:                           JAMES W. BEERS, JR.
SABRINA ARGENTIERI                    THOMAS A. BENSON (MA Bar # 660308)
MARK PALERMO                          KRISTIN M. FURRIE
SUSAN PROUT                           ELIAS L. QUINN
Associate Regional Counsel            Environmental Enforcement Section
U.S. EPA Region 5                     U.S. Department of Justice
Chicago, IL                           P.O. Box 7611
77 W. Jackson Blvd.                   Washington, D.C. 20044-7611
                                       (202) 514-5261
APPLE CHAPMAN                         thomas.benson@usdoj.gov
Associate Director
Air Enforcement Division
U.S. EPA                              BARBARA McQUADE
1200 Pennsylvania Ave. NW             United States Attorney
Washington D.C. 20460                 Eastern District of Michigan

                                      ELLEN CHRISTENSEN
                                      Assistant United States Attorney
                                      211 W. Fort St., Suite 2001
                                      Detroit, MI 48226

## CERTIFICATE OF SERVICE

     I hereby certify that on August 5, 2011, the foregoing motion and brief were served via ECF on counsel of record.

                                            *s/ Thomas A. Benson*
                                            Counsel for the United States