UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>and<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC. AND SIERRA CLUB,<br><br>    Intervenor-Plaintiffs,<br><br>v.<br><br>DTE ENERGY COMPANY and DETROIT EDISON COMPANY,<br><br>    Defendants. | Civil Action No.<br>2:10-cv-13101-BAF-RSW<br><br>Judge Bernard A. Friedman<br><br>Magistrate Judge R. Steven Whalen |

**DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR
SUMMARY JUDGMENT AND FOR SCHEDULING ORDER**

    Defendants Detroit Edison Company (now known as DTE Electric Company) and DTE Energy Company (collectively "DTE"), by counsel and pursuant to Local Rule 7.1(b)(2), move the Court for leave to file the accompanying motion for summary judgment. In addition, DTE moves for entry of a scheduling order providing thirty days for Plaintiff to file its response and any motion for summary judgment of its own. As grounds for this motion, DTE states the following:

    1.    Local Rule 7.1(b)(2) provides that "[a] party must obtain leave of the court to file more than one motion for summary judgment."

2. DTE had filed an earlier motion for summary judgment, which this Court granted. Plaintiff appealed to the United States Court of Appeals for the Sixth Circuit, which reversed and remanded on narrow grounds.

3. The Sixth Circuit's opinion found "the district court's premises are largely correct," *United States v. DTE Energy Co.*, No. 11-2328, slip. op. at 9 (6th Cir. Mar. 28, 2013), and limited the scope of the inquiry on remand to a narrow issue that may be decided based on undisputed facts: was DTE's emissions projection made pursuant to the requirements of the applicable regulations?  Summary judgment is the appropriate vehicle to address that issue because there are no genuine issues of material fact concerning DTE's compliance with the objective criteria of the regulations, and post-project actual emissions confirm that no increase occurred.  As such, good cause exists for the Court to grant DTE leave to file the accompanying motion for summary judgment.

4. In the interest of efficiency and judicial economy, it is further appropriate to enter a scheduling order that allows Plaintiff thirty days to file a response and to file any motion for summary judgment on its own behalf.  This prompt schedule will focus the parties' efforts on the sole remaining issue, while avoiding unnecessary time and expense on extraneous matters.

5. Pursuant to Local Rule 7.1(a), counsel for DTE conferred with Plaintiff's counsel to explain the nature of this Motion and its legal basis, and to request concurrence in the relief requested in this Motion; such concurrence was not obtained.

In support of this Motion, Defendants further rely on their Brief in Support of Motion for Leave to File Motion for Summary Judgment, filed contemporaneously herewith.

Respectfully submitted, this 22nd day of May, 2013.

| | |
|---|---|
| Matthew J. Lund (P48632)<br>PEPPER HAMILTON LLP<br>100 Renaissance Center, 36th Floor<br>Detroit, Michigan 48243<br>lundm@pepperlaw.com<br>(313) 393-7370<br><br>Michael J. Solo (P57092)<br>DTE ENERGY<br>One Energy Plaza<br>Detroit, Michigan 48226<br>solom@dteenergy.com<br>(313) 235-9512 | /s/ F. William Brownell<br>F. William Brownell<br>Mark B. Bierbower<br>Makram B. Jaber<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br>bbrownell@hunton.com<br>mbierbower@hunton.com<br>mjaber@hunton.com<br>(202) 955-1500<br><br>Brent A. Rosser<br>HUNTON & WILLIAMS LLP<br>Bank of America Plaza, Suite 3500<br>101 South Tryon Street<br>Charlotte, NC  28280<br>brosser@hunton.com<br> (704) 378-4700<br><br>Harry M. Johnson, III<br>George P. Sibley, III<br>HUNTON & WILLIAMS LLP<br>951 E. Byrd Street<br>Richmond, Virginia 23219<br>pjohnson@hunton.com<br>gsibley@hunton.com<br>(804) 788-8200<br><br>*Counsel for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2013, a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND FOR SCHEDULING ORDER** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Ellen E. Christensen
U.S. Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226
313-226-9100
Email: ellen.christensen@usdoj.gov

James A. Lofton
Thomas Benson
Justin A. Savage
Kristin M. Furrie
James W. Beers, Jr.
Elias L. Quinn
U.S. Department of Justice
Environmental and Natural Resource Div.
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
202-514-5261
Email: thomas.benson@usdoj.gov
  justin.savage@usdoj.gov
  kristin.furrie@usdoj.gov
  james.beers@usdoj.gov
  jim.lofton@usdoj.gov
  elias.quinn@usdoj.gov

Holly Bressett
Sierra Club Environmental Law Program
85 Second St., 2nd Floor
San Francisco, CA 94105
Phone: (415) 977-5646
Email: Holly.Bressett@sierraclub.org

/s/ F. William Brownell

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>and<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC. AND SIERRA CLUB,<br><br>    Intervenor-Plaintiffs,<br><br>v.<br><br>DTE ENERGY COMPANY and DETROIT EDISON COMPANY,<br><br>    Defendants. | Civil Action No.<br>2:10-cv-13101-BAF-RSW<br><br>Judge Bernard A. Friedman<br><br>Magistrate Judge R. Steven Whalen |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT AND FOR SCHEDULING ORDER**

Matthew J. Lund (P48632)
PEPPER HAMILTON LLP
100 Renaissance Center, 36th Floor
Detroit, Michigan 48243
lundm@pepperlaw.com
(313) 393-7370

Michael J. Solo (P57092)
DTE ENERGY
One Energy Plaza
Detroit, Michigan 48226
solom@dteenergy.com
(313) 235-9512

Brent A. Rosser
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
brosser@hunton.com
(704) 378-4700

F. William Brownell
Mark B. Bierbower
Makram B. Jaber
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
bbrownell@hunton.com
mbierbower@hunton.com
mjaber@hunton.com
(202) 955-1500

Harry M. Johnson, III (Va. Bar No. 29144)
George P. Sibley, III
HUNTON & WILLIAMS LLP
951 E. Byrd Street
Richmond, Virginia 23219
pjohnson@hunton.com
gsibley@hunton.com
(804) 788-8200

*Counsel for Defendants*

**STATEMENT OF ISSUES PRESENTED**

Pursuant to Local Rule 7.1(b)(2), should the Court grant Defendants leave to file another motion for summary judgment when the Sixth Circuit has limited this case on remand to a narrow question that is particularly suitable to summary judgment?

**Defendants' Answer:  Yes.**

Should the Court enter a scheduling order providing for Plaintiff's response to Defendants' motion for summary judgment and for filing of any motion for summary judgment of its own?

**Defendants' Answer:  Yes.**

## **CONTROLLING OR OTHER APPROPRIATE AUTHORITY**

E.D. Mich. Local Rule 7.1(b)(2)

*United States v. DTE Energy Co.*, No. 11-2328 (6th Cir. Mar. 28, 2013)

**INTRODUCTION**

Defendants (collectively "DTE") move the Court pursuant to Local Rule 7.1(b)(2) for leave to file the accompanying motion for summary judgment. Summary judgment is the appropriate vehicle to address the lone remaining issue after the opinion of the United States Court of Appeals for the Sixth Circuit.[1] The Sixth Circuit found that "the district court's premises are largely correct," Sixth Cir. Op. at 9, and remanded the case "for further proceedings consistent with [its] opinion." *Id.* at 13. That opinion limits the scope of the inquiry on remand to the narrow question whether DTE's "projection [was] made pursuant to the requirements of the regulations." *Id*.

This issue is particularly well-suited to summary judgment. As the Sixth Circuit emphasized throughout its opinion, the test is objective. The regulations provide operators "specific instructions to follow" in making projections. *Id*. at 9. Projections are not subject to EPA's "pre-approval," and the Agency may not "second-guess" the projection itself. *Id.* at 2 ("the regulations allow operators to undertake projects without having EPA second-guess their projections…."). Thus, the Court can determine compliance with the objective criteria of the regulations (*e.g.,* was the proper significance level used? *See, e.g., id*. at 11.) by comparing DTE's projection to those criteria. There are no genuine issues of material fact about the objective substance of DTE's projection in this case.

The case is also much simpler on remand – and subject to resolution on summary judgment – because the Sixth Circuit rejected many of the Government's earlier arguments that had complicated the case. Not only is the Government expressly precluded from second-guessing DTE's projection, but the Sixth Circuit agreed that DTE may lawfully manage

---

[1] *United States v. DTE Energy Co.*, No. 11-2328 (6th Cir. Mar. 28, 2013) ( "Sixth Cir. Op. at __") (attached as Exhibit 1).

1

emissions at Monroe Unit 2 to avoid an increase that would require a permit. *Id*. at 11 ("[T]his is entirely consistent with the statute and regulations."). DTE is allowed to undertake projects at Monroe Unit 2 "so long as none of those changes cause an emissions increase." *Id.* at 12. The record on summary judgment will show that emissions have *decreased* since the projects at issue in this case were completed, and will decrease further with the completion of an extensive air pollution control retrofit project at Monroe Unit 2 in 2014. *See* Supp. Boyd Decl. ¶ 7; Boyd Decl. ¶ 9 (attached as Exs. 4 and 2, respectively, to Defendants' Motion for Summary Judgment Based on Compliance with Pre-construction Projection Requirements). Thus, there has been no major modification, and DTE's projection is confirmed.

The Court can resolve this case on remand based on the undisputed facts about DTE's projection. Accordingly, DTE should be granted leave to file the accompanying motion for summary judgment. Moreover, the Court should set a reasonable schedule for Plaintiff's response and for Plaintiff to file any summary judgment motion of its own.

## BACKGROUND AND PROCEDURAL HISTORY

As more fully detailed in the accompanying proposed Motion for Summary Judgment, DTE undertook several projects in the Spring of 2010 to repair and replace deteriorating parts at its Monroe Unit 2 facility. It submitted a notification to the Michigan Department of Environmental Quality ("MDEQ") on March 12, 2010, before commencing work on the projects. Among other things, the notification addressed the information required by the applicable regulations, and it explained why the projects would not result in any "significant emissions increase."

The Government filed its Complaint against DTE on August 5, 2010, alleging that DTE had constructed major modifications at Monroe Unit 2 without obtaining a preconstruction

permit. Compl. ¶ 2, ECF No. 1. The Government bases its theory of the case not on DTE's projection of emissions due to the project, but rather on opposing projections by the Government's experts. *Compare id.* ¶¶ 49-58 (claims for relief) *with* Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 21 ("*Plaintiff's* witnesses have looked at DTE's documents and determined that the company should expect emissions to increase as a result of the overhaul.") (emphasis added), ECF No. 8. With its Motion for Preliminary Injunction, the Government included sworn declarations of five expert witnesses who were retained to offer different methodologies and different projections of emissions, each predicting significant increases as a result of the projects. (ECF Nos. 8-13, 8-16, 8-19, 8-21, 8-22).

In connection with the January 19, 2011 preliminary injunction hearing, the Government was prepared to sponsor several witnesses contesting DTE's emissions projection, including Ethan Chatfield, Ranajit Sahu, Robert Koppe, Myron Adams, and Bruce Biewald. The Government has consistently portrayed this case as a "battle of the experts" to determine which party's projection should be accepted. *See, e.g.,* EPA's Responses and Objections to DTE's First Set of Interrogatories at 24 ("Evidence supporting Plaintiff's allegations that Defendants' activities caused significant emissions increases at Monroe Unit 2 *will be the subject of expert testimony*.") (emphasis added), ECF No. 87-9; EPA's Responses and Objections to DTE's First Set of Requests for Production at 14 ("The United States … objects on relevance grounds to providing back-up information on preliminary emissions calculations where it is anticipated that any emissions calculations offered on summary judgment or at trial *would be developed through expert proof*.") (emphasis added), ECF No. 87-8.

After the Court denied the motion for preliminary injunction, ECF No. 78, the case proceeded with discovery and pretrial motions. The Government added two more expert

3

witnesses offering opinions criticizing DTE's emissions projection and predicting that, in their view, emissions should have been projected to significantly increase at Monroe Unit 2 as a result of the projects. *See* Expert Report of Philip Hayet (Apr. 22, 2011); Expert Report of Dr. Edward D. Rothman (Apr. 22, 2011). DTE thereafter filed motions in limine challenging the opinions of four of the Government's seven emissions experts on *Daubert* grounds as unreliable. ECF Nos. 134, 141, 148.

On June 9, 2011, DTE filed its motion for summary judgment. ECF No. 107. The Court granted the motion on August 23, 2011. ECF No. 160. The Government appealed, and on March 28, 2013, the United States Court of Appeals for the Sixth Circuit entered judgment reversing and remanding "for further proceedings consistent with the opinion of this court." ECF No. 164. That opinion found that "the district court's premises are largely correct" and unequivocally rejected most of EPA's positions. Sixth Cir. Op. at 9, 13 ("Our reversal does not constitute endorsement of EPA's suggestions."). In particular, the Sixth Circuit made crystal clear that second-guessing of DTE's projection by a posse of hired experts is inappropriate. *See, e.g., id.* at 2, 10. The Sixth Circuit focused the remand on a single question: whether DTE complied with the "specific instructions" of the projection regulations. *See id.* at 9, 13. The requirements are straightforward and include selecting the emissions baseline period and then calculating future emissions. Those objective requirements can – and should – be resolved on a second motion for summary judgment in this remanded case.

## ARGUMENT

**I.      Good Cause Justifies Granting Leave To File Another Summary Judgment Motion.**

Local Rule 7.1(b)(2) requires leave of court to file more than one motion for summary judgment. DTE filed its first motion for summary judgment in June 2011. This Court should grant DTE leave to file another motion because (a) the Sixth Circuit's opinion has clarified the

4

scope of the case on remand; (b) the opinion limits the remand to a single, objective issue; and (c) the lone remaining issue is amenable to resolution via summary judgment. Thus, good cause exists to allow DTE to file the accompanying motion for summary judgment.

### A. *The Sixth Circuit Narrowed The Case To A Single Objective Question*

On appeal, the Sixth Circuit reversed and remanded, but it limited the scope of the case on remand. It agreed that this Court's analysis was "largely correct." Sixth Cir. Op. at 9. The regulations "do[] not contemplate approval of the projection prior to construction," and they "allow operators to undertake projects without having EPA second-guess their projections." *Id.* at 2, 10. Moreover, the Sixth Circuit agreed that post-project data remains the basis for determining whether a major modification has occurred: it "is entirely consistent with the statute and regulations" for DTE "to keep its post-construction emissions down in order to avoid the significant increases that would require a permit." *Id.* at 11. *See also id.* at 12 (if the "company's projections are later proven incorrect, EPA can bring an enforcement action.").

Having accepted the bulk of this Court's analysis, the Sixth Circuit reduced the case to one issue: "[t]his appeal raises a single question: can EPA challenge that projection before there is post-construction data to prove or disprove it?" *Id.* at 2. The Sixth Circuit answered this question in the affirmative: even though the projections themselves are not subject to second-guessing by EPA, "[t]he operator has to make projections according to the requirements for such projections contained in the regulations. If the operator does not do so, and proceeds to construction, it is subject to an enforcement proceeding," and "the agency could then make them do the projection right." *Id.* at 10, 11. That is the one circumstance when EPA can enforce before post-construction data is available. Here, of course, this determination will be made against the background of more than two years of actual post-project data confirming that emissions have not increased due to the project. Supp. Boyd Decl. ¶ 7.

5

Thus, only a single, objective question remains to be resolved on remand. This Court must determine whether "at a basic level the operator has [made] a projection in compliance with how the projections are to be made." Sixth Cir. Op. at 10. As shown below and in the accompanying motion for summary judgment, this question can be resolved on summary judgment.

**B.**     *Summary Judgment Is The Proper Vehicle To Resolve The Issue*

Determining compliance with the objective criteria of the projection regulations is a straightforward exercise, and one that is well-suited for summary judgment. Those criteria include objective items such as: selecting the proper baseline period for "baseline actual emissions"; calculating emissions for each twelve-month period for five years following the project; considering "all relevant information" bearing on future emissions; excluding emissions caused by independent factors that could have been accommodated; and including quantifiable fugitive emissions and startup/shutdown/malfunction emissions. *See* 40 C.F.R. §§ 52.21(b)(41), (48). The Sixth Circuit characterized these criteria as "specific instructions to follow." Sixth Cir. Op. at 9.

Summary judgment can resolve whether or not DTE complied with these projection regulations. DTE's projection speaks for itself as to its contents, and the evidence is undisputed as to how DTE prepared it. *See generally* Defendants' Brief in Support of Motion For Summary Judgment Based on Compliance with Pre-Construction Projection Requirements (filed contemporaneously herewith). Moreover, more than two years of post-construction data now confirm that there has been no increase in emissions due to the projects. Consequently, in the interest of justice and efficiency, the Court should allow DTE to file its motion for summary judgment.

### C. *Summary Judgment Will Focus The Case On Relevant Evidence*

Because the Sixth Circuit has eliminated second-guessing DTE's projection as an issue in the case, the *post-hoc* opinions of EPA's cast of emissions experts are no longer relevant. The issue is not whether DTE or the Government's experts produced the "better" projection; it is simply whether DTE complied with the objective regulations in preparing its projection. If DTE did so, then under the Sixth Circuit's decision, EPA's action must be dismissed (again). Motions for summary judgment will streamline the case by focusing only on the relevant evidence.

As noted previously, the Government's case on emissions had been dependent almost entirely on the testimony of their retained experts. But the Sixth Circuit rendered such evidence irrelevant. The Government is expressly prohibited from second-guessing DTE's projection, so expert testimony is unnecessary. Sixth Cir. Op. at 2, 10.[2]   The only issue is whether DTE's

---

[2] This colloquy from oral argument in the Sixth Circuit illustrates the Court's decision well:

> **JUDGE ROGERS**:   [You] would have to say there's some Regulation which [DTE] interpreted incorrectly in making these projections. Is that correct?
>
> **MR. BENSON**:      Well, I think what the District Court would find is that one side or the other's projection was inaccurate based on the facts. It is really a factual question, and then there is a legal question.
>
> **JUDGE ROGERS**:   Alright. That puzzles me entirely.
>
> \*   \*   \*
>
> **MR. BENSON**:      I mean you have to comply with the regulations and . . . if there is a projection that complies with the regulations, there may be two different projections that both sort of on a superficial level meet the requirements of the regulations. But they would rely on different facts that would be found by the district court.… And that is the type of analysis that EPA and the Company is going to do and in a court below the court would have to decide whose analysis makes sense.

7

projection complied with the applicable regulations, and the Court can determine compliance without resorting to expert opinions that merely second-guess DTE's projection. The Court should therefore allow DTE's motion for summary judgment to be filed.

## II. The Court Should Set A Reasonable Schedule For The Government To File A Response And Motion For Summary Judgment Of Its Own.

This case is ripe for resolution. DTE submits that a prompt resolution is in the interest of all parties and the Court. Indeed, the Government has sought from the very beginning of this case to expedite it. *See, e.g.,* Plaintiff's Motion For Preliminary Injunction, ECF No. 8; Hearing Transcript, Motion for Preliminary Injunction at 139 (Jan. 19, 2011) (excerpt attached as Exhibit 2). Entering a scheduling order that provides a deadline for the Government's response to DTE's motion for summary judgment, as well as for filing any cross-motion for summary judgment, will promote efficiency and judicial economy. DTE suggests thirty days from entry of the scheduling order for such filings.

## CONCLUSION

For these reasons, DTE requests that the Court grant leave pursuant to Local Rule 7.1(b)(2) for DTE to file the accompanying motion for summary judgment, and that the Court enter a scheduling order providing thirty days for Plaintiff to file its response thereto and any motion for summary judgment of its own.

---

**JUDGE ROGERS**: Well here's the problem I have with that. That sounds like getting a permit to not get a permit. It sounds like you have to get approval from EPA as to your calculations before you can proceed without a permit.

Oral Arg. at 50:39, Nov. 27, 2012.

Respectfully submitted, this 22nd day of May, 2013.

| | |
|---|---|
| Matthew J. Lund (P48632)<br>PEPPER HAMILTON LLP<br>100 Renaissance Center, 36th Floor<br>Detroit, Michigan 48243<br>lundm@pepperlaw.com<br>(313) 393-7370<br><br>Michael J. Solo (P57092)<br>DTE ENERGY<br>One Energy Plaza<br>Detroit, Michigan 48226<br>solom@dteenergy.com<br>(313) 235-9512 | /s/ F. William Brownell<br>F. William Brownell<br>Mark B. Bierbower<br>Makram B. Jaber<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br>bbrownell@hunton.com<br>mbierbower@hunton.com<br>mjaber@hunton.com<br>(202) 955-1500<br><br>Brent A. Rosser<br>HUNTON & WILLIAMS LLP<br>Bank of America Plaza, Suite 3500<br>101 South Tryon Street<br>Charlotte, NC  28280<br>brosser@hunton.com<br> (704) 378-4700<br><br>Harry M. Johnson, III George P. Sibley, III<br>HUNTON & WILLIAMS LLP<br>951 E. Byrd Street<br>Richmond, Virginia 23219<br>pjohnson@hunton.com<br>gsibley@hunton.com<br>(804) 788-8200<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2013, a true and correct copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

    Ellen E. Christensen
    U.S. Attorney's Office
    211 W. Fort Street
    Suite 2001
    Detroit, MI  48226
    313-226-9100
    Email:  ellen.christensen@usdoj.gov

    James A. Lofton
    Thomas Benson
    Justin A. Savage
    Kristin M. Furrie
    James W. Beers, Jr.
    Elias L. Quinn
    U.S. Department of Justice
    Environmental and Natural Resource Div.
    Ben Franklin Station
    P.O. Box 7611
    Washington, DC  20044
    202-514-5261
    Email: thomas.benson@usdoj.gov
        justin.savage@usdoj.gov
        kristin.furrie@usdoj.gov
        jim.lofton@usdoj.gov
        james.beers@usdoj.gov
        elias.quinn@usdoj.gov

    Holly Bressett
    Sierra Club Environmental Law Program
    85 Second St., 2nd Floor
    San Francisco, CA  94105
    Phone: (415) 977-5646
    Email:  Holly.Bressett@sierraclub.org

                                            /s/ F. William Brownell