_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) Case No. 2:10-cv-13101-BAF-RSW |
| SIERRA CLUB | ) Hon. Judge Bernard A. Friedman |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| DTE ENERGY COMPANY, and | ) |
| DETROIT EDISON COMPANY | ) |
| | ) |
| Defendants. | ) |

_____)

## <u>SIERRA CLUB'S MOTION FOR LEAVE<br>TO FILE A FIRST AMENDED COMPLAINT</u>

Intervenor-Plaintiff Sierra Club seeks leave to file a first amended complaint that would add similar New Source Review claims related to four additional construction projects at coal-fired power plants owned and operated by Defendants DTE Energy Company and Detroit Edison Company ("DTE"). The amended complaint adds claims at: (1) Belle River Power Plant Unit 1; (2) Belle River Power Plant Unit 2; (3) River Rouge Power Plant Unit 3; and (4) Trenton Channel Power Plant Unit 9.

DTE failed to obtain required permits before proceeding with each of the challenged construction projects. DTE should have anticipated that the construction projects would result in increased pollution. In fact, actual pollution did increase after each construction project added to the amended complaint.

Sierra Club respectfully requests that the Court grant Sierra Club leave to file its first amended complaint so that DTE's liability stemming from these projects that have increased air pollution in Michigan are resolved in one, efficient proceeding.

Counsel for DTE reported after conference that DTE could not take a position on the motion until seeing the proposed amended complaint and, therefore, would take no position before the filing of the motion.

Respectfully submitted,

Dated: September 6, 2013

Shannon W. Fisk
IL Bar No. 6269746
Earthjustice
1617 John F. Kennedy Boulevard
Suite 1675
Philadelphia, PA 19103
Phone: (215) 717-4522
sfisk@earthjustice.org

Nicholas J. Schroeck
MI Bar No. P70888
Great Lakes Environmental Law Center
440 Burroughs St. Box 70
Detroit, MI 48202
Phone: (313) 820-7797
nschroeck@wayne.edu

*Attorneys for Plaintiff-Intervenor Sierra Club*

2

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading and supporting documents were served via

ECF on all counsel of record.


Shannon Fisk
Counsel for Sierra Club

_____

UNITED STATES OF AMERICA ))

           Plaintiff,

   and

SIERRA CLUB

           Intervenor-Plaintiff,

v.


DTE ENERGY COMPANY, and
DETROIT EDISON COMPANY

           Defendants.
_____

Case No. 2:10-cv-13101-BAF-RSW
Hon. Judge Bernard A. Friedman


## MEMORANDUM IN SUPPORT OF SIERRA CLUB'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

**LEADING AUTHORITY FOR THE RELIEF SOUGHT**

Fed. R. Civ. P. 15(a)

*Foman v. Davis*, 371 U.S. 178, 182 (1962)

*Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973)

**ISSUE PRESENTED**

QUESTION:   Should the Sierra Club be allowed to amend its complaint to bring additional
            similar New Source Review claims against DTE for construction projects at other
            power plant units in Michigan to resolve the claims in one, efficient proceeding?

ANSWER:     Yes

## INTRODUCTION

The Sierra Club moves this Court for leave to file its first amended complaint that would add similar New Source Review ("NSR") claims related to four additional construction projects at coal-fired power plants owned and operated by Defendants DTE Energy Company and Detroit Edison Company ("DTE"). The amended complaint includes the original Monroe Power Plant Unit 2 claims and adds claims at: (1) Belle River Power Plant Unit 1; (2) Belle River Power Plant Unit 2; (3) River Rouge Power Plant Unit 3; and (4) Trenton Channel Power Plant Unit 9. DTE failed to obtain required permits before proceeding with each of the challenged construction projects. DTE should have anticipated that the construction projects would result in increased pollution. In fact, actual pollution did increase after each construction project added to the amended complaint. Sierra Club respectfully requests that the Court grant Sierra Club leave to file its first amended complaint so that DTE's liability stemming from these projects that have increased air pollution in Michigan are resolved in one, efficient proceeding.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court set forth the guidelines governing motions to amend under Rule 15(a). *Id.* According to the Court, in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment, leave sought should be freely given. *Id.* The Sixth Circuit in *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973), stated that,

4

"Th[e *Foman*] guidelines are founded on the hornbook proposition that piecemeal litigation should be discouraged, not only because it is antagonistic to the goals of public policy, but also because it is prejudicial to the rights of individual litigants." *Id.*

**ARGUMENT**[1]

Sierra Club's proposed amended complaint describes the four additional construction projects that trigger DTE's NSR liability under the Clean Air Act ("CAA"): (1) 2008 major modification of Belle River Power Plant Unit 1; (2) 2007 major modification of Belle River Power Plant Unit 2; (3) 2005 major modification of River Rouge Power Plant Unit 3; and (4) 2007 major modification of Trenton Channel Power Plant Unit 9.  DTE should have predicted that each project would cause significant pollution increases.  DTE did not follow the NSR regulations when making its emissions projections for the construction projects, similar to DTE's violations with respect to the 2010 Monroe Power Plant Unit 2 major modification.   Further, the completed construction and subsequent operation of the additional contested units have resulted in significant pollution increases, separately triggering NSR liability.

Allowing Sierra Club to add claims related to these four construction projects on DTE power plants in Michigan would prevent the type of piecemeal litigation the Sixth Circuit stated should be discouraged.  *See Troxel Mfg.*, 489 F.2d at 970.  None of the *Foman* factors are present here – Sierra Club has not unduly delayed amending its complaint to add these additional claims; Sierra Club has not engaged in bad faith and has no dilatory motive in requesting the amendment; there have been no previous amendments of the complaint; DTE is not unduly prejudiced by allowing the amendment; and the amendment is not futile.

---

[1] In order to avoid needless duplication, the Sierra Club specifically adopts the arguments the United States made in its motion to amend (Doc. 184).

If the Court determines not to allow the amendment, Sierra Club can bring all of the four additional claims in another proceeding, which would be inefficient and runs counter to the Sixth Circuit's stated agenda of avoiding piecemeal litigation. Many of the arguments and much of the evidence required to prosecute the Monroe Unit 2, Belle River Units 1-2, River Rouge Unit 3, and Trenton Channel Unit 9 NSR claims are the same or similar. Resolving the claims together will be the most efficient use of the Court's resources.

There is no current schedule for the case, and DTE will have sufficient time to conduct discovery and prepare its defense on the new claims.

Moreover, as the United States pointed out in its motion to amend its complaint, "DTE was on notice that EPA had additional NSR claims from July 2009, and the United States made clear from the outset of the litigation that it might seek to amend the complaint and bring further claims." Doc. 184 at 19.

## CONCLUSION

Sierra Club respectfully requests leave to amend its complaint to add similar NSR claims related to four additional construction projects at DTE power plants in Michigan. Amending the complaint is the most efficient way to resolve Sierra Club's NSR claims against DTE and avoids piecemeal litigation, which is discouraged by the Sixth Circuit.

Respectfully submitted,

Dated: September 6, 2013

Shannon W. Fisk
IL Bar No. 6269746
Earthjustice
1617 John F. Kennedy Boulevard
Suite 1675

6

Philadelphia, PA 19103
Phone: (215) 717-4522
sfisk@earthjustice.org

Nicholas J. Schroeck
MI Bar No. P70888
Great Lakes Environmental Law Center
440 Burroughs St. Box 70
Detroit, MI 48202
Phone: (313) 820-7797
nschroeck@wayne.edu

*Attorneys for Plaintiff-Intervenor Sierra Club*

7