## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. |
| and | 2:10-cv-13101-BAF-RSW |
| SIERRA CLUB, | Judge Bernard A. Friedman |
| Intervenor-Plaintiff, | Magistrate Judge R. Steven Whalen |
| v. | |
| DTE ENERGY COMPANY AND DETROIT EDISON COMPANY, | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO SIERRA CLUB'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Intervenor-Plaintiff seeks leave to file an amended complaint that would add five claims to its existing complaint in intervention. ECF No. 186. Four of those five claims—two claims relating to projects at Belle River Unit 1 in 2008, a single claim relating to projects at Belle River 2 in 2007, and a single claim relating to projects at Trenton Channel Unit 9 in 2007—are among the seven claims the Government seeks to add through its proposed amended complaint. With respect to these four claims, DTE does not oppose Sierra Club's motion, so long as the Court first addresses the fully-briefed motion for summary judgment as to the Monroe Unit 2 claims, which have been pending since 2010. *See* Defs.' Resp. to United States' Mot. for Leave to

-1-

File a First Am. Compl., ECF No. 187.

DTE does oppose Sierra Club's attempt to expand the case beyond the bounds set by the parties by adding a claim relating to 2005 projects at River Rouge Unit 3. While the legal standards governing that claim would be the same as those governing the original Monroe Unit 2 claims and the other claims the Government seeks to add, the operative facts are entirely different. Additional discovery and motions practice would be required as to this additional claim and thus would delay final resolution of the original parties' claims. Such a delay would be prejudicial to DTE and completely unnecessary to protect Sierra Club's rights. Any claim relating to the 2005 projects at River Rouge Unit 3 arises out of a different set of operative facts and thus need not be joined to this action to preserve them. And in all events, Sierra Club is free to pursue those claims independently.

Under these circumstances, both Rule 24 and a well-developed body of case law grant the Court ample discretion to deny Sierra Club's effort to expand the case and thereby avoid "undu[e] delay or prejudice [of] the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also, e.g., Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 381–83 (1987) (Brennan, J., concurring).

## PROCEDURAL HISTORY

Sierra Club filed a motion to intervene on September 28, 2010, seeking to assert claims identical to those in the Government's original complaint. ECF No. 34. Sierra Club sought intervention as a matter of statutory right under Rule 24(a)(1), intervention as of right under Rule 24(a)(2), or permissive intervention under Rule 24(b). *Id.* at 7-16.

Because Sierra Club sought only to assert the same claims already asserted by the Government, Defendants entered into a stipulation of procedural facts and agreed not to oppose Sierra Club's motion. ECF No. 42. That stipulation specifically noted that "[t]he PSD and Nonattainment NSR claims alleged in the proposed complaint of the Prospective Intervenor Citizen Groups are the same PSD and Nonattainment NSR claims alleged in the Complaint of the Governmental Plaintiff." *Id.* ¶ 3. DTE further emphasized that it would not oppose Sierra Club's intervention "so long as . . . [Sierra Club] confine[s] [its] asserted claims for relief" to the same claims asserted by the Government. *Id.* ¶ 4. Sierra Club, for its part, reserved the right to seek leave to amend its complaint at a later date, and DTE reserved the right to oppose such a motion. *Id.* ¶ 5. Based on this stipulation, the Court granted Sierra Club's motion and allowed its participation as an intervenor-plaintiff. ECF No. 64.

Until this case was remanded by the Sixth Circuit, Sierra Club's participation was minimal. It filed one brief—an opposition to DTE's motion regarding the standard for determining whether a project qualifies as "routine maintenance, repair and replacement." ECF No. 125. Apart from that, Sierra Club filed no motions, filed no briefs, served no discovery, noticed no depositions, and did not appear at any depositions noticed by the parties. Sierra Club did not notice an appeal of this Court's order granting DTE's motion for summary judgment, instead participating only as an amicus (like other groups that were never part of this case) in the Sixth Circuit proceedings.

On September 3, 2013, the Government sought leave of Court to file a First Amended Complaint that would assert seven new NSR claims relating to projects other than the 2010 projects at Monroe Unit 2 that were the subject of the original

Complaint.  ECF No. 184.  On September 6, 2013, Sierra Club filed its own motion

for leave to assert a First Amended Complaint, which would assert five new claims.

ECF No. 186.  As summarized in the chart below, four of those claims are identical to

new claims that the Government seeks to assert, but the fifth is unique and

completely unrelated to any claim asserted by the Government:

| NSR Claim | Government's Proposed First Amended Complaint | Sierra Club's Proposed First Amended Complaint |
|---|---|---|
| 2006 Projects at Monroe Unit 1 | Count I | |
| 2010 Projects at Monroe Unit 2 (PSD) | Count II | Count I |
| 2010 Projects at Monroe Unit 2 (NNSR) | Count III | Count II |
| 2005 Projects at Monroe Unit 2 | Count IV | |
| 2004 Projects at Monroe Unit 3 | Count V | |
| 2008 Projects at Belle River Unit 1 (PSD) | Count VI | Count III |
| 2008 Projects at Belle River Unit 1 (NNSR) | Count VII | Count IV[1] |
| 2007 Projects at Belle River Unit 2 | Count VIII | Count V |
| 2005 Projects at River Rouge Unit 3 | | Count VI |
| 2007 Projects at Trenton Channel Unit 9 | Count IX | Count VII |

---

[1] Sierra Club alleges in Count IV of its proposed first amended complaint that
these projects occurred in 2009, but this appears to be a typographical error.  The
projects described occurred in 2008.  If this is not a typographical error, then DTE
objects to the addition of this claim for the same reasons it objects to the addition of
the claim relating to the 2005 projects at River Rouge Unit 3.

On September 20, 2013, DTE filed its response to the Government's motion. In that response, DTE stated that it would not oppose the Government's motion to add the new claims, provided that the Court first resolve DTE's motion for summary judgment. ECF No. 187 at 3, 11 & n.6. DTE incorporates that response in full here.

## ARGUMENT

While leave to amend ordinarily should be "freely give[n] ... when justice so requires," Fed. R. Civ. P. 15(a)(2), leave may be denied when it would cause "undue prejudice" to the other parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). And where an intervenor seeks to amend, special focus is given to the impact of that amendment on the rights of the original parties. As explained below, allowing Sierra Club to assert claims that are factually distinct from the claims the original parties have put at issue would significantly impair DTE's interest in the efficient resolution of this case. Sierra Club has no interest in the 2005 projects at River Rouge Unit 3 that would be impaired or impeded if it is not allowed to assert those claims in this case.

**I.     Any Interest Sierra Club Has With Respect to the 2005 Projects at River Rouge Unit 3 Would Not Be Impaired If Sierra Club Is Not Allowed to Expand This Case Beyond the Scope of the Government's Proposed Amended Complaint.**

Because Sierra Club in its original motion to intervene sought only to assert claims identical to the claims already asserted by the Government, DTE was willing to stipulate to Sierra Club's participation in the case. Any interest Sierra Club had in the pending Monroe Unit 2 claims would be impacted by the Court' s resolution of the Government's identical claims, and because Sierra Club was limiting its claims to those already in the case, there was little potential for Sierra Club's participation to cause delay or otherwise prejudice DTE. The same could be said with respect to the

four claims Sierra Club seeks to assert by way of amendment that are identical to new claims the Government seeks to assert.

But the claim with respect to River Rouge Unit 3 is different.  It arises out of a completely different set of operative facts, and Sierra Club has identified no reason why its interest in those projects would be impaired or impeded by the Court's resolution of the Government's claims.  Nor could it.

The analysis of whether Sierra Club should be allowed to expand the case to include the River Rouge Unit 3 claim at this stage of the case turns, first, on the intervention analysis that would have applied had Sierra Club attempted to add that claim when it originally sought to intervene.  Sierra Club originally sought intervention through three avenues—statutory intervention based on Clean Air Act (CAA) section 304(b)(1)(B), 42 U.S.C. § 7604(b)(1)(B), intervention of right pursuant to Rule 24(a)(2), and permissive intervention pursuant to Rule 24(b).

To begin, Sierra Club could not have claimed a statutory right to intervene under section 304(b)(1)(B) with respect to the River Rouge Unit 3 claim when it originally sought to intervene in this case, and it cannot do so now.  Section 304(b)(1)(B) generally bars citizen groups from filing suits otherwise allowed under section 304(a)(1) challenging the alleged violation of a standard, limitation, or order, where the Government is "diligently prosecuting" a civil action to require compliance with that "standard, limitation, or order."  *See* 42 U.S.C. § 7604(b)(1)(B).  But section 304(b)(1)(B) mitigates the impact of this restriction by creating an avenue for citizen participation in the form of a statutory right for citizen groups to intervene in such cases.

-6-

The right to intervene pursuant to section 304(b)(1)(B) is clearly inapplicable here with respect to Sierra Club's River Rouge Unit 3 claim. The Government is not prosecuting any claim relating to the 2005 projects at River Rouge Unit 3, so the predicate for statutory intervention under section 304(b)(1)(B) has not been satisfied. And Sierra Club cannot assert a section 304(a)(1) claim (if any) with respect to those projects in any event, because it has not served a notice of intent to sue as required by section 304(b)(1)(A).[2] Moreover, Sierra Club's proposed claim regarding River Rouge Unit 3 does not involve the violation of a "standard, limitation, or order" that could be brought in the first instance under section 304(a)(1). It instead would be brought under section 304(a)(3), which allows suits against parties that construct facilities without the proper NSR permit. *See* 42 U.S.C. § 7604(a)(3). Such a claim, however, does not fall within the ambit of section 304(b)(1)(B)'s limited right of intervention.

Nor could Sierra Club claim the right to intervene under Rule 24(a)(2). Rule 24(a)(2) allows:

---

[2] Because there is no pending Government claim for the River Rouge Unit 3 projects, this Court has no jurisdiction to entertain a Sierra Club claim as to those projects pursuant to section 304(a)(1), 42 U.S.C. § 7604(a)(1), because Sierra Club has not served a Notice of Intent to Sue with respect to that claim (assuming one exists). 42 U.S.C. § 7604(b)(1)(A); *see Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 475 (6th Cir. 2004) ("No action under the Clear Air Act's citizen-suit provisions . . . may be commenced within 60 days of when the plaintiffs have satisfied these notice requirements – *a limitation that the courts may not excuse*.") (emphasis added; internal citations and quotation marks omitted); *see also City of Highland Park v. Train*, 519 F.2d 681, 691 (7th Cir. 1975) (holding that a suit "could not properly be commenced" without fulfilling the notice provision); *West Penn Power Co. v. Train*, 378 F. Supp. 941, 944 (W.D. Penn. 1974), *aff'd*, 522 F.2d 302 (3d Cir. 1975) (holding that because notice was not given, "this court has no jurisdiction [of this suit] under this Section").

> anyone to intervene who: ... claims an interest relating to the
> property or transaction that is the subject of the action, and is so
> situated that disposing of the action may as a practical matter
> impair or impede the movant's ability to protect its interest, unless
> existing parties adequately represent that interest.

A proposed intervenor must establish four factors to be entitled to intervene under Rule 24(a)(2): (1) timeliness of the application to intervene, (2) the applicant's "substantial legal interest" in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).

Had Sierra Club sought to add a claim with respect to the 2005 projects at River Rouge Unit 3 in its original complaint, it could not possibly have demonstrated that any "substantial legal interest" with respect to that claim would have been "impaired or impeded" had its motion not been granted. This suit as originally framed by the parties did not address River Rouge Unit 3 at all. This remains so now even if the Government's motion for leave to amend is granted. To the extent Sierra Club is concerned about the potential stare decisis effect of rulings as to the claims currently in the case, *see* ECF No. 34 at 14, Sierra Club would be granted intervention on all claims other than its proposed River Rouge Unit 3 claim and will have full opportunity to be heard on those other claims.

Permissive intervention would be the only option remaining to Sierra Club with respect to the River Rouge Unit 3 claim. Permissive intervention is authorized where the putative intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). While Sierra Club's River Rouge claim would share with the Government's pending claims a common

question of law—namely, the proper application of the 2002 NSR Reform Rules— a key factor guiding the Court's discretion to allow a party to participate is "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II.   An Intervenor Like Sierra Club Should Not Be Allowed to Expand the Case and Thereby Delay Adjudication of the Original Parties' Rights.

The Court has broad discretion to impose conditions on intervention—even intervention of right—to ensure the efficient adjudication of the original parties' claims and defenses. *See Stringfellow*, 480 U.S. at 381-83 (Brennan, J., concurring); *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 963 n.1 (6th Cir. 2009); *see also* Advisory Committee's Note to 1966 Amendments to Rule 24 ("An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."). Accordingly, courts routinely preclude intervenors from asserting new claims. *See generally* 7C Charles A. Wright et al., Federal Practice and Procedure § 1921 at n.18 and accompanying text (3d ed. 2007) (collecting cases). And this discretion does not dissipate merely because the Court did not impose conditions at the time of intervention—the Court remains free to impose such limitations when an intervenor seeks to assert a new claim later in the case. *Id.* at n.21 and accompanying text.

Here, adding a new claim relating to the 2005 projects at River Rouge Unit 3 would unquestionably delay the final resolution of the original parties' claims and defenses. Litigating that claim will fundamentally change Sierra Club's role in the case and will require additional discovery, additional motions practice and, should trial prove necessary, could require multiple additional trial days. Final resolution of the

case will be delayed by months.  That delay is unnecessary to protect Sierra Club's rights.  The Court therefore should deny Sierra Club's motion to the extent it seeks to add a claim regarding the 2005 projects at River Rouge Unit 3.

## **CONCLUSION**

For the foregoing reasons, Sierra Club's motion should be granted only as to the claims already asserted by the Government, and only if the Court first resolves the pending motion for summary judgment relating to Monroe Unit 2.  The Court should not allow Sierra Club to delay final resolution of this case by adding a claim concerning the 2005 projects at River Rouge Unit 3.

Respectfully submitted this 23rd day of September, 2013.

By: /s/ F. William Brownell

Matthew J. Lund (P48632)
Suite 1800
4000 Town Center
Southfield, Michigan 48075-1505
lundm@pepperlaw.com
(248) 359-7300

Michael J. Solo (P57092)
Office of the General Counsel
DTE Energy, One Energy Plaza
Detroit, Michigan  48226
solom@dteenergy.com
(313) 235-9512

F. William Brownell
Mark B. Bierbower
Makram B. Jaber
Hunton & Williams LLP
2200 Pennsylvania Ave., N.W.
Washington, D.C. 20037
bbrownell@hunton.com
mbierbower@hunton.com
mjaber@hunton.com
(202) 955-1500

Brent A. Rosser
Hunton & Williams LLP
Bank of America Plaza, Suite 3500
101 South Tryon Street
Charlotte, North Carolina 28280
brosser@hunton.com
(704) 378-4700

Harry M. Johnson, III
George P. Sibley, III
Hunton & Williams LLP
951 E. Byrd Street
Richmond, Virginia 23219
pjohnson@hunton.com
gsibley@hunton.com
(804) 788-8200

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2013, the foregoing **DEFENDANTS' RESPONSE TO SIERRA CLUB'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** was served electronically only on the following attorneys of record in accordance with an agreement reached among the parties:

> Ellen E. Christensen
> U.S. Attorney's Office
> 211 W. Fort Street
> Suite 2001
> Detroit, MI  48226
> 313-226-9100
> Email:  ellen.christensen@usdoj.gov
>
> James A. Lofton
> Thomas Benson
> Justin A. Savage
> Kristin M. Furrie
> James W. Beers, Jr.
> Elias L. Quinn
> U.S. Department of Justice
> Environmental and Natural Resource Div.
> Ben Franklin Station
> P.O. Box 7611
> Washington, DC  20044
> 202-514-5261
> Email: thomas.benson@usdoj.gov
>          justin.savage@usdoj.gov
>          kristin.furrie@usdoj.gov
>          jim.lofton@usdoj.gov
>          james.beers@usdoj.gov
>          elias.quinn@usdoj.gov
>
> Holly Bressett
> Sierra Club Environmental Law Program
> 85 Second St., 2nd Floor
> San Francisco, CA  94105
> Phone: (415) 977-5646
> Email:  Holly.Bressett@sierraclub.org

/s/ F. William Brownell