# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>FOREVER RESORTS, LLC; LAKE OROVILLE MARINA, LLC; REX MAUGHAN; and BILL HARPER,<br><br>Defendants. | No. 2:16-cv-01595-MCE-EFB<br><br><br>**ORDER** |

Presently before the Court is the Government's Motion Seeking an Order Regarding Ongoing Jurisdiction, which it filed along with its U.S. Comment Re Settlement. Mot., ECF No. 48. After the Court rejected the parties' third attempt to settle this dispute, ECF No. 44, the parties filed yet another Stipulation to Dismiss, this time without filing a copy of the consent judgment or settlement itself. ECF No. 45. The Government then filed a Notice informing the Court that it had requested to review the parties' settlement documents—a right granted to the Government under 33 U.S.C. § 1365(c)(3)—but had not received anything from the parties at that time. ECF No. 46. Thereafter, the parties provided the Government with a copy of their most recent settlement agreement, which the Government then attached to an updated Notice to the

1

Court.  ECF No. 47.

In the present Motion Seeking Order Regarding Ongoing Jurisdiction, the Government takes no position as to the substance of the parties' most recent settlement, but expresses its "concerns . . . [with] the process being used to resolve this matter and the potential that a similar approach could be used to evade review by both the courts and the United States in future Clean Water Act citizen suit actions."  Mot. at 1.  It thus seeks to have the Court retain jurisdiction over the matter pending the Government's 45-day review period under the Clean Water Act.  The Court shares in the Government's concerns and GRANTS the pending Motion.[1]

The parties here have filed a Stipulation of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Ordinarily, dismissals under that section do not require a court order, and thus do not require court review, let alone Government oversight.  But—as the Government points out in its brief—such a stipulation of dismissal is expressly "[s]ubject to . . . any applicable federal statute."  In this case, the applicable federal statute is the Clean Water Act, which expressly provides that "[n]o consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment" by the Department of Justice and by the EPA.  33 U.S.C. § 1365(c)(3).  If the Court does not retain jurisdiction during this 45-day review period, the Government's opportunity for review has no teeth.  Moreover, the Government argues that the Court may order Plaintiff to submit a fee motion because the Court has the authority to look behind the parties' settlement to ensure compliance with prior court orders, including a previous order in this case denying the attorney's fees as unreasonably high.

Plaintiff on the other hand argues that because this is a settlement and stipulated dismissal, the extent of the Court's authority over it is the same as any settlement and

---

[1] As previously noted (ECF No. 44), it might appear to a more cynical court that the parties in this matter agreed to drop the Proposition 65 claim in order to evade this Court's review.  Even without that claim, however, the parties' current settlement of the Clean Water Act claims remains subject to both Court and Government review.

stipulated dismissal under Rule 41. Specifically, Plaintiff avers that the Court is limited to ensuring that all parties gave their informed consent and there was no improper behavior or wrongdoing. There being no evidence or allegation of wrongdoing, the Court need not take any further action, and the stipulated dismissal is effective.

The Court acknowledges that a consent judgment and a private settlement and stipulation of dismissal are not the same thing. Nevertheless, the underlying purpose of the two in this context is the same: to resolve the action and have some form of enforcement for that resolution. And the purpose of the Clean Water Act's 45-day review period is to provide the Government with the opportunity to ensure that the proposed consent judgment is in the public interest and promotes the goals of the Act "by seeking to restore and maintain the chemical, physical and biological integrity of the Nation's waters." Mot. at 5-6, citing 33 U.S.C. § 1251(a). It therefore makes little sense that parties to a Clean Water Act citizen suit—like the one here—could opt to privately settle their action and avoid the oversight mandated by § 1365(c)(3). For those reasons alone, the Court finds that it must retain jurisdiction over the present suit (and over Clean Water Act citizen suits in general) until the Government's review period has expired, regardless of the mechanism by which the parties wish to resolve the matter.

As for attorney's fees, Plaintiff is correct that under ordinary circumstances, the Court might not have the authority to look behind the parties' settlement and/or order a fees motion upon receiving notice of a stipulated dismissal. Nor does the Court make it a practice to do so. But this is not an ordinary case. First, this is a Clean Water Act citizen suit over which the Court retains jurisdiction, as set forth above. Second, as clearly laid out in the Government's Reply papers, the circumstances at play here suggest that the parties' settlement of this matter, combined with its settlement of the Proposition 65 claim in state court, may be in violation of this Court's previous orders. And finally, in light of the fact that the Proposition 65 claim was separately settled, the Court notes that the present attorney's fees request of $47,500 may again be excessive. Of course, this is impossible to tell without a more substantial filing from Plaintiff

addressing the fees request, as the Court has previously ordered.  See ECF No. 44.

For the above reasons, the parties stipulated dismissal is again REJECTED. Plaintiff is ordered to show cause in writing not later than thirty (30) days from the date of the electronic filing of this Order, justifying its present request for attorney's fees.  The Court hereby explicitly retains jurisdiction to review the disposition of the federal claims at issue in this litigation, which disposition now includes Plaintiff's attorney's fees request.

IT IS SO ORDERED.

Dated:  August 28, 2018

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4