# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>and<br><br>SIERRA CLUB,<br>    Intervenor-Plaintiff,<br><br>v.<br><br>DTE ENERGY COMPANY and<br>DETROIT EDISON COMPANY,<br>    Defendants. | Civil Action No.<br>2:10-cv-13101-BAF-RSW<br><br>Judge Bernard A. Friedman<br><br>Magistrate Judge R. Steven Whalen |

## MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF

Sierra Club recently filed a Reply Brief (Dkt. No. 289) in support of its Motion to Enter its proposed side agreement with Defendants DTE Energy Company and Detroit Edison Company (together "DTE"). In that brief Sierra Club raises three new and undeveloped arguments and presents new evidence that the United States has not had the opportunity to address or respond to.

For the reasons set forth below, the United States respectfully requests that this Court grant it leave to file the proposed seven-page Sur-Reply brief attached hereto as Exhibit 1.[1]

---

[1] Pursuant to LR 7.1(a)(2)(A), the United States has conferred with counsel for Sierra Club and counsel for DTE on this motion. Sierra Club presently takes no position on the motion, but reserves the right to object or otherwise respond after

## BACKGROUND

1. On May 22, 2020, Plaintiff-Intervenor Sierra Club filed a motion to enter a proposed separate agreement between Sierra Club and DTE that, if entered, would resolve Sierra Club's Clean Air Act claims. *See* Dkt. No. 267.

2. On July 8, 2020, Plaintiff United States filed a response in opposition to Sierra Club's motion. Dkt. No. 279. On the same day, it also filed an unopposed motion to enter a Consent Decree joined by all three parties. *See* Dkt. No. 278.[2]

2. On July 10, 2020, this Court held a status conference, where it noted among other things that "the court has to decide [the] issue" of whether to grant Sierra Club's motion to enter, before Sierra Club's claims can be resolved. Dkt. No. 288 at 7:8-10.

3. On July 22, 2020, this Court signed the proposed three-party Consent Decree, which is therefore now binding on all the parties before this Court and which provides for continuing jurisdiction for this Court to hear any disputes arising under that agreement. *See* Dkt. No. 282 ¶ 121.

---

the U.S. files this motion and proposed Sur-Reply. DTE takes no position on the motion.

[2] The three-party Consent Decree contains a release of claims for the United States, but not for Sierra Club; the Consent Decree also expressly preserves the right of the United States to object to Sierra Club's proposed side agreement and to appeal any adverse ruling. *See* Dkt. No. 282 ¶ 121.

4.     On July 30, 2020, after obtaining leave of court, Professor Richard Epstein of NYU and the University of Chicago and Professor Jeremy Rabkin of George Mason University's Antonin Scalia Law School filed an *amicus curiae* brief on constitutional issues related to Sierra Club's motion and the United States' opposition. *See* Dkt. No. 287.

5.     On August 6, 2020, Sierra Club filed its Reply brief in support of its motion to enter the Separate Agreement. *See* Dkt. No. 289. Sierra Club's brief raises three points that were not addressed or even hinted at in either its Motion to Enter or in the United States' Response in Opposition:

*First*, Sierra Club states that the three-party Consent Decree fully resolves this case. *Id.* at 1.

*Second*, it offers to withdraw the side agreement and dismiss its claims against DTE. *Id.*

*Third*, Sierra Club asserts that the United States' objections are moot because DTE has stated that it will comply with the side agreement regardless of whether this Court finds that the agreement violates the Clean Air Act. *Id.*

6.     In addition, Sierra Club's reply includes as attachments several declarations raising new factual claims in support of its standing argument. *See id.* at 7 & 13-14; 289-2 (Reply Ex. 1); 289-3 (Reply Ex. 2); 289-4 (Reply Ex. 3); and 289-5 (Reply Ex. 4).

## DISCUSSION

"[T]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Soc'y of St. Vincent De Paul in the Archdiocese of Detroit v. Am. Textile Recycling Servs.*, No. 13-CV-14004, 2014 WL 65230, at *3 (E.D. Mich. Jan. 8, 2014) (citation omitted). Sur-replies may be appropriate when "the opposing party has presented new arguments or new evidence in the reply to which it seeks to respond," *Brintley v. Belle River Cmty. Credit Union*, No. 17-13915, 2018 WL 8815627, at *1 (E.D. Mich. May 7, 2018), or, more generally, when the additional "briefing may assist the Court in ruling on the [m]otion," *Mohlman v. Deutsche Bank Nat'l Tr. Co.*, No. CV 15-11085, 2015 WL 13390184, at *1 (E.D. Mich. Sept. 4, 2015).

Each of these considerations favors granting leave to file a Sur-Reply here:

*First*, as noted above, the three new arguments Sierra Club has raised were not discussed in either its opening brief or the United States' response. As explained in the proposed Sur-Reply, these arguments are also undeveloped and are not supported by any authority, and the United States respectfully submits that they are hence waived. *See Shannon v. State Farm Ins. Co.*, 2016 WL 3031383, at *4 (E.D. Mich. May 27, 2016) ("A reply is not the proper place to raise an argument for the first time; such arguments are waived."); *Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 2016 WL 8257782, at *3 (E.D. Mich.

4

Mar. 11, 2016) (court will not consider "undeveloped argument[s] that w[ere] improperly raised for the first time in a reply brief").

*Second*, the U.S. has not had the opportunity to respond to the Sierra Club's newly submitted evidence regarding standing. As explained in the proposed Sur-Reply, while this new evidence may resolve some of the problems with Sierra Club's standing, none of the declarations demonstrate that it "'likely,' as opposed to merely 'speculative,' that [any] injury will be 'redressed by a favorable decision'" approving the two open-ended and vague "mitigation" projects at the heart of the side agreement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

*Third*, the United States respectfully submits that additional briefing will be helpful to the Court. The issues here are both very important and unusual, concerning fundamental questions about the scope and authority of citizen plaintiffs under the Clean Air Act and the Constitution.

In light of these concerns, this Court has already afforded significant extra space to Sierra Club, extending the page limit for its Reply from the standard seven pages (L.R. 7.1(d)(3)(B)) to nineteen pages. *See* Dkt. Nos. 281 & 286.[3]

---

[3] This Court also granted extra pages to the United States. Dkt. 281. However, the order granting the U.S.'s request for extra pages was not issued until several days after the United States filed its brief. Dkt. 279. Accordingly, the government's brief complied with the standard 25-page limit. *See* L.R. 7.1(d)(3)(A).

Finally, as explained in the proposed Sur-Reply, Sierra Club's Reply makes a number of incorrect and unsupported assertions that the United States respectfully requests the opportunity to address.

## CONCLUSION

The United States respectfully asks for leave of this Court to file the proposed Sur-Reply brief attached as Exhibit 1.

Respectfully submitted,

*/s/ Michael B. Buschbacher*
MICHAEL B. BUSCHBACHER
*Counsel to the Assistant Attorney General*
Environment & Natural Resources Div.
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I certify that this document was filed through the Court's ECF system, which will cause copies to be sent to all counsel of record.

*s/ Michael B. Buschbacher*