**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA,

Plaintiff,

and

SIERRA CLUB,

Intervenor-Plaintiff,

v.

DTE ENERGY COMPANY AND DETROIT EDISON COMPANY,

Defendants.

Civil Action No. 2:10-cv-13101-BAF-RSW

Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**MOTION FOR LEAVE TO FILE RESPONSE TO UNITED STATES' SUR-REPLY BRIEF**

Sierra Club hereby respectfully requests that the Court grant it leave to file the proposed Response to the United States' Sur-Reply Brief, attached hereto as Exhibit 1.[1] In support of this motion, Sierra Club states as follows:

1. On May 22, 2020, Sierra Club filed a Motion to Enter Agreement Between Sierra Club and DTE Or, in the Alternative, Notice of that Agreement ("Motion"). Dkt. 267.
2. On July 8, the United States filed a response in opposition to Sierra Club's motion, objecting to the Agreement reached between DTE and Sierra Club. ("Objection"). Dkt. 279.
3. On July 30, two law professors filed an *amicus curiae* brief in support of the United States' Objection and arguing that the citizen suit provision of the Clean Air Act is unconstitutional. Dkt. 287.
4. On August 6, Sierra Club filed its Reply in support of its Motion, responding to both the United States' Objection and the law professors' *amicus* brief. Dkt. 289.
5. On August 20, the United States moved for leave to file a proposed Sur-Reply Brief in support of its Objection. Dkt. 290. During the Local Rule

[1] Pursuant to L.R. 7.1(a)(2)(A), Sierra Club has conferred with counsel for the US and counsel for DTE Energy on this motion. The US takes no position on the motion for leave, but reiterates its request for oral argument in light of the proposed sur-sur-reply. DTE Energy takes no position on the motion.

7.1(a)(2)(A) conferral process, Sierra Club took no position on the motion, but reserved the right to object or otherwise respond after the motion and proposed Sur-Reply were filed. US Mot. for Leave at 1 n. 1.

6. On August 25, the Court entered a Text Only Order granting the US leave to file its Sur-Reply, which now appears on the docket under entry 291.

7. A sur-reply brief may be warranted when the "opposing party has presented new arguments or new evidence in the reply" to which the sur-reply seeks to respond. *Mohlman v. Deutsche Bank Nat'l Tr. Co.*, No. CV 15-11085, 2015 WL 13390184, at *1 (E.D. Mich. Sept. 4, 2015). In granting a motion for leave to file a sur-reply, at least one court has also noted that it was doing so because "supplemental briefing may assist the Court in ruling" on the matter that was at hand. *Brintley v. Belle River Cmty. Credit Union*, No. 17-13915, 2018 WL 8815627, at *1 (E.D. Mich. May 7, 2018).[2]

8. In granting leave to file a sur-reply, it is not unusual for the court to have also either granted the party opposing the sur-reply the right to respond or noted that the opposing party had already submitted such response. *See, e.g., Brintley*, 2018 WL 8815627, at *1 (granting request for leave to file sur-response); *Soc'y of St. Vincent De Paul in the Archdiocese of Detroit v. Am.*

---

[2] In its motion for leave to file a sur-reply, the US erroneously attributes the "new arguments or new evidence" standard to *Brintley*, and the "may assist the Court in ruling" language to *Mohlman*. US Mot. for Leave at 4.

*Textile Recycling Servs.*, No. 13-CV-14004, 2014 WL 65230, at *3 (E.D. Mich. Jan. 8, 2014) (accepting Plaintiffs' response in opposition "which addresses any arguments Defendant may have made" in sur-reply); *Nolan LLC v. TDC Int'l Corp.*, No. 06-14907, 2009 WL 1583893, at *2 (E.D. Mich. June 5, 2009) (noting that opposing party had "ample opportunity to respond to the proposed sur-reply" and "ha[d] in fact done so.").

9. The bulk of the US's Sur-Reply addresses neither new arguments nor new evidence. Instead, the brief presents arguments on five issues – the purported necessity of judicial review, US enforcement discretion, 42 U.S.C. § 7604(g), the Miscellaneous Receipts Act ("MRA"), and Constitutional avoidance – that the US first introduced into this matter in its Objection. Sur-Reply at 2-5, 6-7. As such, those portions of the Sur-Reply represent not proper sur-rebuttal but, instead, an effort by the US to get the last word that would typically fall to the party that filed the motion at issue. While Sierra Club does not object to the filing of the Sur-Reply, the fact that it focuses primarily on issues that are not new provides further reason to follow the practice of granting Sierra Club leave to respond.

10. The remainder of the Sur-Reply addresses arguments and evidence regarding options for the court to resolve this matter and standing that are arguably new. Sur-Reply at 1-2, 6. As briefly explained in the Proposed Response,

Ex. 1 at 1-3, however, the discussion of these points in the Sur-Reply is meritless and misleading. As such, following the practice of granting Sierra Club leave to respond is appropriate and would assist the Court in ruling on this matter.

For the foregoing reasons, Sierra Club respectfully requests leave of this Court to file the proposed Response brief attached as Exhibit 1.

Respectfully submitted this the 28th day of August 2020,

Shannon Fisk
Managing Attorney
Earthjustice
1617 John F. Kennedy Blvd.,
Suite 1130
Philadelphia, PA 19103
T: 215-717-4522
C: 215-327-9922
sfisk@earthjustice.org

Nicholas Leonard (P79283)
Great Lakes Environmental Law
Center
4444 Second Avenue
Detroit, MI 48201
313-782-3372
nicholas.leonard@glelc.org

*Counsel for Plaintiff-Intervenor*
*Sierra Club*

**CERTIFICATE OF SERVICE**

I certify that this document was filed through the Court's ECF system on August 28, 2020, which will cause copies to be sent to all counsel of record.

Shannon Fisk
*Counsel for Plaintiff-Intervenor Sierra Club*